CASE 19.—CONDEMNATION PROCEEDINGS BY THE MADI-
SONVILLE, HARTFORD & EASTERN R. R. CO.
AGAINST R. T. ROSS.—June 13.

# Madisonville H. & E. R. R. Co. v. Ross

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From a judgment of the circuit court on appeal
from the county court the Railroad Company appeals
—Reversed.

1.  Eminent Domain—Compensation—Taking of Entire Tract.—
    The inconvenience resulting from the loss of a home and in
    moving is not a proper element of damage in a condemna-
    tion proceeding by a railroad company.
2.  Same.—Under Ky. Stats., 1903, Sec. 839, relating to condemna-
    tion proceedings by railroad companies, providing that either
    party may appeal to the circuit court by executing bond as
    in other cases, and that upon payment to the owner of dam-
    ages and costs a railroad company may take possession of
    the land, but, when an appeal is taken, it shall not be entitled
    to take possession until it shall have paid into court the dam-
    ages assessed and all costs; payment of damages and costs
    into court is not an abandonment of an appeal from the de-
    cision of the circuit court.

J. S. GLENN for appellant.

R. E. L. SIMMERMAN of counsel.

### POINTS AND AUTHORITIES.

1.  The measure of appellee's damage was the market value of
the property at the time of its appropriation, with the cost and
expense of moving added: Covington Short Route Railway Co.
v. Piel, 87 Ky., 267.

2.  The opinion of witnesses as to the amount of damages,

Madisonville H. & E. R. R. Co. v. Ross.

without stating facts upon which that opinion was founded, was incompetent and misleading: I.C. R. R. Co. v. Smith, 22 Ky. Law Rep., 1655; Newport News & Miss. Valley Co. v. Wilson, 16 Ky. Law Rep., 262; 16 Cyc., 49, 53:

3. It was the duty of the court to have determined the measure of damages and confined the evidence to this: I. C. R. R. Co. v. Smith, 22 Ky. Law Rep., 1655.

4. The court should have permitted the appellee to answer and state at what price he had listed the property for taxation for the two years next preceding the date of trial. This was competent both for the purpose of contradiction and for testing the witness' knowledge of value: K. & I. Bridge Co. v. Held, 16 Ky. Law Rep., 160; Covington & Cincinnati Street Ry. Co. v. McHugh, 25 Ky. Law Rep., 1112.

5. It was not proper for the court to permit appellee to prove the price at which a lot adjoining the lot sought to be condemned had sold for without showing that the situation of the lots were the same and that no other questions entered into the sale of the adjoining lot except the mere question of value: 17 Cyc., 110; Paducah v. Allen, 21 Ky. Law Rep., 701.

6. The instruction given by the court was misleading and did mislead the jury. It did not define any rule by which the jury was instructed to measure appellee's damage, nor did it fix a measure of damage for their guidance. The court should have told the jury that the measure of damage was the market value of the property increased by the cost and expense of moving: Covington Street Ry. Co. v. Piel, 87 Ky. 267.

7. The argument of counsel for appellee was very improper and of such a nature as to arouse the feeling and prejudice of the jury against the appellant, and should not have been permitted: I. C. R. R. Co. v. Jolly, 27 Ky. Law Rep., 118; L. H. & St. L. R. R. v. Morgan, 23 Ky. LawRep., 121; L. & N. R. R. Co. v. Hull, 24 Ky. Law Rep., 375.

8. The judgment should not have been an absolute judgment that appellee recover of appellant so much money, but should have been a judgment fixing appellee's damages at the sum fixed by the jury and his cost, leaving it optional with the appellant to pay the sum adjudged and take the property, or to abandon its purpose of taking the property and thereby not incur liability on the judgment: Manlon v. L. St. L. & T. R. R. Co., 80 Ky., 491; Cornwall v. L. & N. R. R. Co., 20 Ky. Law Rep., 373.

SWEENEY, ELLIS & SWEENEY for appellee.

Our contention is that in condemning a homestead for the use

of a railroad company the measure of damages is not its market value, as in case of voluntary sale, but it is the value of the property to the person from whom it is taken: Covington Short Route Ry. Co. v. Piel, 87 Ky., 267; Arnold v. Covington Bridge Co., 1 Duvall, 372.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant, by appropriate procedure under the statute, sought to condemn the homestead of appellee for the purposes of its railroad. The property involved consisted of a half acre lot, with dwelling house and the usual outhouses, situated in the town of Hartford, Ky. . The commissioners appointed to appraise the property for the purpose of condemnation valued it at $1,000. Upon a trial before a jury in the county court, upon the exceptions of the owner, a verdict was returned fixing the value as appriased by the commissioners. The owner appealed to the circuit court, and a trial there resulted in a verdict fixing the value of the property taken at $1,600. Of the judgment based upon this verdict the railroad is here on appeal.

As the whole of appellee's property was condemned, there were no questions of resulting damage or accrued benefits to a remainder. The only question involved was the actual value of the property taken. Upon the trial the court permitted the appellee, over the objection of appellant to testify in his own behalf and to introduce others to testify that the inconvenience to him in moving from his homestead and finding another home damaged him to the extent of from $300 to $400, and after the evidence was in the following instruction was given to the jury as the measure of damages: ''The court instructs the jury

that they should find for the defendant the value to
him in money of the property sought to be taken in
this action, and in fixing its value they should take
into consideration the inconvenience and loss, if any
proven, resulting to the defendant from being de-
prived of his home, and should state in their verdict
the damages the defendant will sustain by reason of
the taking of his premises by the plaintiff." Lewis,
in his work on Eminent Domain (2d Ed., section 463),
thus states the rule for the measure of damages when
the entire tract is taken: "This case presents but lit-
tle difficulty, and so far as we have observed, there is
no difference in the authorities as to the proper
measure of damages.    A fair equivalent for any
entire piece of property is its market value in
money."   In section 478 it is said: "In estimating
the value of property taken for public use, it is the
market value of the property which is to be consid-
ered.   The market value of property is the price
which it will bring when it is offered for sale by one
who desires, but is not obliged, to sell it, and is bought
by one who is under no necessity of having it."   In
15 Cyc. p. 685, the rule is thus stated: "The measure
of damages when the whole of any particular piece
of property is taken for a public use under the power
of eminent domain is the market value of it.   Market
value means the fair value, as between one who wants
to purchase and one who wants to sell, not what
could be obtained for it under peculiar circumstances
when a greater than its fair price could be obtained,
nor its speculative value, nor a value obtained from
the necessity of another, but its present value at a
sale which a prudent owner would make if he had
the power of election as to the time and terms. * * *"
Am. & Eng. Ency. of Law (2d Ed.) vol. 10, p. 1151,

on the subject in hand, says: "In determining the compensation to be paid to the landowner for land taken under the power of eminent domain, there are many elements that must be considered. The principal rule, which is to be applied as far as possible, is that, whenever property is taken, the fair market value of the property at the time of the taking should be paid for it. The market value of land is usually declared to be, not what the land would bring at a forced sale, but what it would bring in the hands of a prudent seller, at liberty to fix the time and conditions of sale. What property would bring at a fair public sale, where one party wanted to sell and another wanted to buy, may be taken as a criterion of its market value."

In support of the competency of the evidence complained of, and the validity of the instruction by the court, above quoted, the appellee relies upon Covington Short Route Transfer Railway Co. v. Piel, 87 Ky. 267, 10 Ky. Law Rep. 146, 8 S. W. 449. In that case the property taken was the home and business place of the defendant. In the opinion the court uses language which seems to recognize the right to remuneration for the inconvenience resulting from the taking of the home; but this language is coupled always with the loss of the place of business, and it is not clear that in the opinion of the court the mere inconvenience resulting from the loss of the home, without the loss of the place of business, would have entitled the owner to remuneration. There is a marked difference between the loss of a place of business and the loss of a homestead. One may build up a substantial property right in the patronage flowing to a particular place, and the loss of this property right by the condemnation of the place may be defi-

nitely ascertained; but the mere inconvenience aris-
ing from the loss of a home is too ideal and specu-
lative to be ascertained by the verdict of a jury.
There is no standard by which to measure such loss.
Some men are sentimental about their homes, and
would not part with them for any price. With others
the change of homes is a mere matter of business,
with no sentiment entering into the equation. One
man may be easily satisfied with another home, and
suffer little or no inconvenience of any sort. Another
may be hard to please, and he will remain without a
home, perhaps, for a long time. In short, the ques-
tion of inconvenience for the loss of a homestead is
entirely too speculative to be allowed to enter into
a procedure like this. If the loss be merely the cost
of moving from one place to another, that is made
up to the owner by the use of the money which the
corporation must pay over to him before he is re-
quired to move; and any other inconvenience of a
more sentimental nature he is required to suffer for
the public benefit. In so far as the case cited seems
to recognize the right of a jury to award damages
for the mere inconvenience resulting from the loss of
a home in a condemnation proceeding such as this,
it is overruled as being out of harmony with the great
weight of authority. The conclusion we have reached
on this subject is consistent with the measure of dam-
ages fixed by the statute (section 836, Ky. St. 1903),
which is as follows: "It shall be the duty of said
commissioners to view the land and material, and to
award to the owner or owners the value of the land
or material taken, which shall be stated separately.
* ○ * *'' This language does not include any loss
by reason of inconvenience to the owner which does
not enter into the market value of the property taken.

Another ground for reversal urged by appellant is the misconduct of the attorney for appellee in his argument to the jury. The language used by counsel was very objectionable, and entirely unsupported by the evidence of the case; but, as we have concluded to reverse the judgment for the reasons given above, we do not deem it necessary to set forth the language, because upon another trial the offense will not be repeated.

Since the record has been lodged in this court, the appellees have entered a motion to dismiss the appeal, and filed affidavits in support thereof. It seems that after the appeal was taken the appellant paid into court the full amount of the judgment and costs and then took a writ of possession, under which the owner was ousted from his property and the appellant placed in possession. It is now urged as a ground for the dismissal of the appeal that the appellant, by its subsequent procedure, has abandoned the appeal. This position is untenable. Section 839, Ky. St. 1903, clearly recognizes the right of the railroad company, condemning land, to appeal from an adverse verdict, and yet, pending the appeal, take possession of the property, provided it pays into court for the benefit of the owner the amount of the verdict and costs. So much of the statute as applies to the question in hand is as follows: "Either party may appeal to the circuit court by executing bond as required in other cases, within thirty days, and the appeal shall be tried de novo, upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided, and the payment to the owners of the amount due, as shown by the report of the commissioners when confirmed, or as shown by the

judgment of the county court when the damages are assessed by said court, and all cost adjudged to the owner, the railroad company shall be entitled to take possession of said land and material, and to use and control the same for the purpose for which it was condemned as fully as if the title had been conveyed to it. But when an appeal shall be taken from the judgment of the county court by the company, it shall not be entitled to take possession of the land or material condemned until it shall have paid into court the damages assessed and all costs.'' As said before, the foregoing statute clearly recognizes the right of the railroad company, after a verdict in a condemnation proceeding, to pay the amount of the verdict into court, take possession of the land, and also to appeal. This right attends the whole procedure, and extends to the appeal from the circuit court to the Court of Appeals, as well as the appeal from the county court to the circuit court. The value of the statute would be very nearly destroyed if the railroad corporation could not take possession of the property, pending the appeal, by paying into court, or to the owner, the sum assessed as the value of the property. This construction is supported by Chicago, St. Louis & New Orleans Railroad Co. v. Sullivan, 24 Ky. Law Rep. 46, 80 S. W. 791, and Shirley v. Southern Railway in Kentucky, 26 Ky. Law Rep. 360, 81 S. W. 268.

The motion to dismiss the appeal is overruled, and the judgment reversed for proceedings consistent herewith.

Nunn, J., dissents.