**COMMONWEALTH OF KENTUCKY, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Lawrence WILKINS et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 16, 1959.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Chief Asst. Atty. Gen., Dennie Gooch, Jr., Asst. Atty. Gen., for appellant.

Thacker, Sweeney & Lovett, Owensboro, for appellees.

CULLEN, Commissioner.

From a judgment of the county court in condemnation proceedings, the Department of Highways appealed to the circuit court. In accordance with the provisions of KRS 177.087, the department filed a certified copy of the county court judgment, a statement of the parties to the appeal, and the exceptions taken by the department to the

award of the commissioners. The entire original record in the county court also was filed. Thereafter, and within the 30-day period prescribed by the statute, the landowners filed what was designated as a "cross appeal," which embraced a statement of the parties and the exceptions taken by the landowners; however, the landowners did not file a certified copy of the county court judgment. The department moved to dismiss the cross appeal, on the ground that it was defective because of the failure to file a certified copy of the judgment. This motion was overruled and the case went to trial in the circuit court, resulting in a verdict and judgment in excess of that entered in the county court.

The department has appealed, asserting as its sole ground for reversal that the circuit court erred in not dismissing the landowners' cross appeal from the county court judgment.

The department maintains that under the express provisions of KRS 177.087, if both parties desire to appeal to the circuit court, each must file a certified copy of the county court judgment.

It is true that the statute literally says what the department contends, but the courts will not give a strict literal construction to a statute where to do so would lead to an absurd or unreasonable conclusion. Lanferman v. Vanzile, 150 Ky. 751, 150 S.W. 1008; Swift v. Southeastern Greyhound Lines, 294 Ky. 137, 171 S.W.2d 49; 50 Am. Jur., Statutes, sec. 377, pp. 385 to 389. We can conceive of no reason, and the appellant here has not suggested any, why two certified copies of the judgment should be filed when both parties appeal. It would be particularly absurd when, as here, the first appellant has also filed the complete original record, including the original judgment. It seems to us that the purpose of filing a certified copy of the county court judgment is merely to give the circuit court official notice of the judgment appealed from, and this purpose is fully accomplished when one copy has been filed.

In Commonwealth ex rel. Curlin, v. Moyers, Ky., 280 S.W.2d 513, at page 514, with reference to the requirement of KRS 177.087 that exceptions be filed we said:

"* * * It will not be presumed that the Legislature intended that a needless act be done. Therefore, it appears to us that a requirement that the appellant file in the circuit court the same exceptions he filed to the commissioners' award in the county court, would be a supertechnicality, * * *"

By the same reasoning, a requirement that both appellants file a certified copy of the county court judgment would be a supertechnicality, and we do not believe the legislature intended it.

The judgment is affirmed.