COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Arthur PRATHER et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1963.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, C. Dante Kearns, Lyndon, for appellant.

Russell Jones, Fritz Krueger, Somerset, for appellees.

STANLEY, Commissioner.

In widening U. S. Highway No. 27 at a point five or six miles south of Somerset, the Department of Highways condemned a strip 45 to 50 feet wide and about 250 feet long of a parcel of land owned by Arthur Prather and wife, containing 5.62 acres, on which there was a building used as a gasoline service station and restaurant. The area taken is about a quarter of an acre. It was paved and contained gasoline pumps. The result of the taking puts the highway nine to fourteen feet from the building. The time of the taking was May 23, 1958.

The appeal is from a judgment of $16,500 compensation. The verdict specified it was $11,375 for the land taken and $5,125 resulting damages. These sums are the same as were fixed by the commissioners of the county court in the initiation of the proceedings and were the maximums permitted by the instructions.

The Highway Department contends on the appeal that the opinions of value expressed by the owners' witnesses are unsupported by facts and knowledge of comparable sales in the vicinity, hence, the court should have stricken the evidence, with the result that the verdict is far in excess of the values competently proved by the Department.

The decisive character of the cross-appeal requires that it be disposed of first.

A previous trial resulted in a verdict of $20,000. It was set aside on the ground that as the owners had not filed an appeal or exceptions in the circuit court from the county court judgment confirming and adjudicating the report of the commissioners (as the Department had done), they were not entitled to recover more than the sum so adjudged, namely, $16,500. After return of the second verdict the landowners moved to substitute the first one and render judgment on it, and the court overruled the motion.

The cross-appellants recognize that where the landowner fails to appeal or cross-appeal to the circuit court or to file exceptions in that court upon stated grounds, he may not complain; or, if he

fails to state a specific ground of exception, he is bound by the county court judgment as to it. KRS 177.087; Bullitt v. Commonwealth, Ky., 298 S.W.2d 290; Commonwealth, Department of Highways v. Wilkins, Ky., 320 S.W.2d 125; Commonwealth v. Mayo, Ky., 324 S.W.2d 802. The landowners did not file an appeal or cross-appeal in the circuit court. They had filed in the county court an "Answer and Exceptions to Report of Commissioners" in which they admitted the Department's right to condemn the property but denied that $16,-500 was the total value of the property taken and resulting damages and alleged the values and damages sustained were $40,000. The cross-appellants contend that as this document was in the record transmitted to the circuit court, they are entitled to have it regarded as the equivalent of filing an appeal and exceptions in the circuit court.

The procedure prescribed in condemnation of land is that commissioners appointed by the county court make an appraisement of the fair compensation and file their report in the county court. If the court finds that the petitioner has the right to condemn the property, it merely confirms the report of valuation and enters judgment accordingly. No issue of valuations or amount of compensation is there tried. That is done de novo in the circuit court. KRS 177.086; 177.087.

We have construed KRS 177.087 as not requiring as a prerequisite to jurisdiction that an appellant shall file in the circuit court the exceptions which he had filed in the county court where same are contained in the transmitted record. Commonwealth v. Moyers, Ky., 280 S.W.2d 513; White v. Commonwealth, Ky., 287 S.W.2d 625. The filing of exceptions to the report of the commissioners in the county court on the ground of inadequacy of compensation, as above indicated, is not authorized; and we cannot hold that where such has been filed, even though the document is transmitted as part of the record, those exceptions should be given the same effect as if filed de novo in the circuit court. We are

of opinion, therefore, that the trial court was correct in setting aside the first verdict; hence, the cross-appeal is not sustained.

We revert to the Commonwealth's claim of errors committed on the second trial where the verdict and judgment were $16,500.

The testimony of Mr. Prather, the landowner, was that the difference in the before-and-after-taking value of his property was $35,000. The court overruled the Commonwealth's motion to strike his testimony because he had not shown a knowledge of the market value of comparable property. The property owners also introduced a witness expert in valuing gasoline service station property, and he testified that there had been a practical destruction of the facilities for that purpose. They introduced two men who were well acquainted with property values in the county and had had great experience in appraising property for the lending of money on it. One of them placed the before value at $48,800 and the after value as $16,200. However, the court withdrew his testimony from the consideration of the jury because he had not shown a knowledge of comparable sales. The other witness was a banker who put the valuations at $60,000 and $20,000 or $24,000, respectively. He had no knowledge of comparable sales, and the court, in effect, admonished the jury not to consider his testimony.

In Commonwealth v. Tyree, Ky., 365 S.W.2d 472, we went fully into the question of the competency of witnesses to testify as to property values in condemnation cases. We ruled that ownership of the property involved is a sufficient qualification to express an opinion as to value, and that other witnesses having a general knowledge of values in the community and of the particular property are competent to express opinions as to that property and the difference between the before and after taking. See also Commonwealth v. Elizabethtown Amusements, Inc., Ky., 367

S.W.2d 449. The probative weight of the evidence of such witnesses is for the jury. Those cases are sufficient authority, we think, to hold that the trial court should not have stricken or limited the testimony of the two witnesses, as described and, considering it, that the verdict is fully sustained by the evidence.

The instructions to the jury followed the usual form, except to state that the jury's finding for the land taken should not exceed $11,375 and for resulting damages not to exceed $5,125, "the amounts claimed by the landowner." The appellant argues that the mention of these sums was not authorized under the evidence—an argument already disposed of—and that the insertion suggested compensation endorsed by the court.

 Instructions in condemnation cases are governed by the same fundamental rules applicable to civil actions generally. 29 C.J.S. Eminent Domain § 290. In this jurisdiction it is the rule that instructions on the measure of damages should limit the recovery to a specific maximum sum. If the amount is indefinite as, for example, for pain and suffering, the limit is of necessity that claimed in the petition. Ordinarily the pleadings in a condemnation proceeding do not state or claim a specific sum as compensation, and, generally, the approved forms of instruction do not contain any limitation. See Instructions to Juries, Stanley, §§ 359 to 365. We are not here concerned with the general rule of limitation to the greatest amount for which there is evidence. The limitation in this case was based upon the fact that the property owners were estopped, for reasons above stated, to claim more than the award of the commissioners of the county court. The absence of such limitations in the instructions on the first trial of this case resulted in an improper verdict, which the court was required to set aside. We approve the instruction.

The judgment is affirmed on the direct and cross-appeals.