**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**H. D. CHENAULT et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 1, 1963.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Larry C. West, Frankfort, for appellant.

Jesse S. Hogg, Winchester, for appellees.

PALMORE, Judge.

In Commonwealth of Kentucky, Department of Highways v. Wilkins, Ky., 320 S.W.2d 125 (1959), it was held that if one party, in appealing to the circuit court from a county court judgment pursuant to KRS 177.087, has filed a certified copy of the county court judgment, failure of the other party to file a copy of the same judgment with his separate appeal thereafter filed is not fatal to the latter appeal.

In this case the landowners appealed first, but failed to file with their statement of parties and exceptions a copy of the county court judgment as required by KRS 177.087. Thereafter and within thirty days following the date of the county court judgment the condemnor also appealed. The condemnor's appeal was sufficient in all respects, including the filing of a certified copy of the county court judgment. The sole question is whether the filing of the copy by the condemnor as a part of its appeal cured the defect in the landowners' appeal. Our conclusion is that it did.

It is suggested that the condemnor could have nullified the appeal of the landowners by dismissing its own, a stratagem that ought not be required or encouraged. But we do not accept the premise. That one party may cure another's omission does not imply a converse conclusion that he may

later "uncure" it. In any event, the con-demnor did not in fact dismiss its appeal, and we express this dictum only because it may serve to clarify the matter in future cases.

The judgment is affirmed.