COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

R. C. TERRY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 19, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Harold K. Huddleston, Elizabethtown, for appellant.

Hatcher & Lewis, Elizabethtown, for appellee.

DAVIS, Commissioner.

The Department of Highways seeks reversal of a judgment awarding $11,287 to the appellees incident to condemnation of 9.7 acres from appellees' farm. The sole question presented is whether the verdict and ensuing judgment are supported by competent, relevant evidence of sufficient probative value. The trial was prior to the opinion of this court in Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S. W.2d 844.

Before the taking the farm of appellees contained about 140 acres. Twenty acres of the tract were already separated from the main body of the farm by U. S. Highway 62, before the present condemnation. Approximately 120 acres, including the residence and barn, lay south of U. S. 62.

The right of way taken for the construction of the nonaccess West Kentucky Parkway is a strip of land consisting of 9.7 acres. The taking severs the 120-acre tract in two, leaving about 45 or 50 acres, with the improvements, north of the Parkway and about 61 to 64 acres south of the Parkway.

The appellant's witnesses gave evidence that the entire award due appellees (separated as to land taken and resultant damages) should be $7,200 to $7,530. These witnesses testified concerning other sales considered comparable to the present land. For the appellees there were four valuation witnesses (appellees did not testify as

to values). The aggregate award, according to witnesses for appellees, should be $17,302 to $26,080. Obviously, the jury's verdict is within the range of the testimony offered. Appellant maintains that the appraisal witnesses for appellees gave evidence so lacking in probative value as to require reversal. Reliance is placed upon Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472; and Commonwealth, Dept. of Highways v. Raybourne, Ky., 364 S.W.2d 814.

It is quite apparent that the valuation witnesses for appellee did possess such knowledge of land values in the vicinity as to warrant their giving evidence touching that point. It is true that they did not testify to comparable sales, although that fact, of itself, does not render their evidence incredible. Commonwealth, Dept. of Highways v. Prather, Ky., 369 S.W.2d 118; Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

It is noted that one of the witnesses for appellees testified that the remaining fifty-acre tract would have no market value after the taking. However, the witness had said that he "damaged" that tract by $100 per acre, whereas he "damaged" the sixty-odd-acre tract at $150 per acre. He had already testified that he placed a before value of $350 per acre on each of these tracts. Fairly construed, the answer of the witness, on cross-examination, that he placed no market value on the fifty-acre tract merely reflected the view of the witness that the tract had no market value for farming purposes.

It would unduly extend this opinion to similarly analyze the appellant's critique of each witness offered by appellees. It suffices to say that our review of their testimony leaves us convinced that the witnesses were qualified to give the evidence which they expressed, and that it had sufficient probative value to support the verdict.

The judgment is affirmed.