**Rosie BURCHETT et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.**

**Maggie BINGHAM et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1965.

Clifford B. Latta, Prestonsburg, for appellants.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Dept. of Highways, Frankfort, Edmond H. Tackett, Dept. of Highways, Pikeville, for appellee.

MONTGOMERY, Judge.

The Commonwealth of Kentucky, Department of Highways, filed condemnation actions against Rosie Burchett et al. and Maggie Bingham et al., respectively. The actions have been considered together. In the county and circuit courts appellants were successful in contesting appellee's right to condemn. In Commonwealth Dept.

of Highways v. Burchett, Ky., 367 S.W.2d 262, the Department's right to condemn was sustained. Upon issuance of the mandate similar orders on the same day were entered which adjudged the right to condemn, and concluded with the following:

"In accordance with KRS 177.087(2) all parties hereto are given 30 days from the entry of this Order to file exceptions to the Commissioners' award."

Thirty-five days later appellants filed exceptions in which it was alleged that the damages awarded by the county court commissioners were inadequate. From the order dismissing these exceptions for late filing the landowners have appealed.

No justification for the late filing is offered. Appellants seek to save themselves by showing that they each filed in the county court an answer and exceptions by which they alleged an inadequate award of damages and questioned the right to condemn. Appellants did not appeal from the county court orders in their favor, but their pleadings as a part of the record were physically transmitted to the circuit court when the appellee appealed thereto from the adverse judgment in the county court on the right to condemn.

Appellants claim that under Commonwealth ex rel. Curlin v. Moyers, Ky., 280 S.W.2d 513, it was unnecessary for them to file exceptions to the award in circuit court. The trouble with this position is that KRS 177.087(2) governs the procedure in a case such as this in the following specific terms, to-wit:

"If the Judge of the Circuit Court finds that the petitioner has the right to condemn said property, the case shall not be remanded but the Judge or Court shall enter an order setting forth his findings and authorizing the petitioner to take possession of the lands and materials for the purposes and under the conditions and limitations set forth in the petition upon the payment to the owner, or to the Clerk of the Circuit Court, the amount of compensation awarded by the Commissioners in their report to the County Court. Within 30 days from the date of the order of the Circuit Court authorizing the petitioner to take such possession, either party may file exceptions to the award of the Commissioners. If no exceptions to the award are filed, the Court, on motion of the condemnor, shall enter a final judgment in the case."

The orders quoted above were drawn in conformity with the statute. Counsel for both parties signed the orders as "Have Seen."

In addition, in Commonwealth Dept. of Highways v. Prather, Ky., 369 S.W.2d 118, wherein KRS 177.087 was construed, it was held:

"The filing of exceptions to the report of the commissioners in the county court on the ground of inadequacy of compensation, as above indicated, is not authorized; and we cannot hold that where such has been filed, even though the document is transmitted as part of the record, those exceptions should be given the same effect as if filed de novo in the circuit court."

In effect, Prather overruled Moyers. In view of the statute and the Prather decision the trial court was correct in holding that appellants' exceptions were filed too late.

The stipulations concerning a trial on the issue of damages do not save appellants since they provided that the question of damages should be determined "in accordance with the applicable statutes" which included KRS 177.087(2), governing the filing of exceptions in circuit court.

Judgment affirmed.

HILL, J., not sitting.