FLOYD COUNTY, Kentucky, et al.,
Appellants,

v.

KENTUCKY–WEST VIRGINIA GAS CO.
et al., Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1966.

Barkley J. Sturgill, County Atty., Floyd County, Prestonsburg, Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellants.

Paul C. Combs, Prestonsburg, James E. Cooper, Gray, Woods & Cooper, Ashland, for appellees.

PALMORE, Chief Justice.

This is a class action by taxpayers of Floyd County to enjoin collection of a 3-cent ad valorem tax levied by the fiscal court in 1963 for the use and benefit of an agricultural extension district theretofore created by it pursuant to the District Cooperative Extension Service Act of 1962, KRS 164.605 to 164.675. As the county also levied a 50-cent tax for its general purposes and the 3-cent tax was levied without a public vote, the taxpayers contend the 3-cent tax violates § 157 of the Constitution. The county advances two reasons why it does not, (1) that the extension district is a taxing district separate from the county and (2) that in any event a 3-cent addition to the county's 50-cent tax could not be in violation of Const. § 157, because it is stipulated and agreed that for the year in question (1963) the taxable property in Floyd County was assessed at an average of 21.1% of its fair cash value.

The county appeals from a judgment invalidating the 3-cent tax on the ground that the extension district is not a separate taxing district, the 3-cent levy is therefore a county tax, and the resulting total rate of 53¢ violates Const. § 157.

It is unnecessary to discuss the first point, because a 53-cent rate against a 21.1% assessment does not violate the Constitution.

§ 157 provides in pertinent part as follows:

"The tax rate of cities, towns, counties, taxing districts and other municipalities, for other than school purposes, shall not, at any time, exceed the following rates upon the value of the taxable property therein, viz.: * * * for counties and taxing districts, fifty cents on the hundred dollars * * *"

■ § 172 expressly requires all non-exempt property to be assessed at its fair cash value. Literally, however, § 157 need not be read in conjunction with § 172, because § 157 makes no mention of "assessed" value—it says "the value." The value of property is what it is worth. For legal purposes, that means what it is worth in money. What it is worth in money can be estimated by one criterion only—what it would bring in a voluntary cash sale. That, as we held in Russman v. Luckett, Ky., 391 S.W.2d 694 (1965), is "fair cash value."

Though it may seem elementary to say it, the value of property is not established by a tax assessment. Conversely, the Constitution dictates that the value shall determine the assessment. Const. § 172. It is utterly beyond cavil that the intent and purpose of § 157 was to fix the limit of county taxes at one-half of one per cent (50¢ per $100) of the fair cash value of the non-exempt property subject to taxation. Within that limitation the power and responsibility of determining the amount of tax money to be collected was placed in the fiscal court, not the tax assessor, and he cannot usurp it by violating his own duties under § 172.

■ The stipulation that the fair cash value of property subject to ad valorem taxation by Floyd County for 1963 was almost five times its assessed value ends this case. A 53-cent rate does not violate § 157.

The cause is reversed with directions that a judgment be entered dismissing the action.