**KENTON COUNTY WATER DISTRICT NO. I, Appellant,**

**v.**

**Chester Clifton ROGERS et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

G. Wayne Bridges, Bridges & Nelson, Covington, for appellant.

Stanley Chrisman, Charles P. Wagner, Covington, for appellees.

CLAY, Commissioner.

This is a condemnation proceeding to obtain land and easements for the construction of a water-storage tank. There were taken 1.72 acres in fee and two easements for an underground main and a roadway. The jury awarded $9,000.

Our first question is a procedural one. Appellant contends appellees failed to properly perfect an appeal from the county court to the circuit court. KRS 416.280 authorizes an appeal by (1) "executing bond as required in other cases", (2) filing "a certified copy of the judgment", and (3) "a statement of the parties to the appeal and a statement of the grounds of appeal". The landowners filed a copy of the judgment *certified by the county court clerk*, and it is contended that under CR 72.01 and 72.06 the party is required to have the judgment certified by the county judge. However, this phase of appeal procedure is not governed by the Civil Rules.

◼ The statute specifies the method of taking an appeal. The appeal procedure is similar to that provided in KRS 177.087 and we have held that since that statute outlines the necessary steps to perfect an appeal, CR 72.01 does not apply. Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813; Commonwealth, Dept. of Highways v. Hale, Ky., 348 S.W.2d 831. It is also contended that the appellees failed to file a statement of costs but KRS 416.280 has no such requirement, and, as we have just said, CR 72.01, which requires a statement of costs, does not apply.

◼ In any event, appellant did file the papers required by CR 72.01 within the time allowed for an appeal, and under Commonwealth, Dept. of Highways v. Wilkins, Ky., 320 S.W.2d 125, and Commonwealth, Dept. of Highways v. Chenault, Ky., 371 S.W.2d 948, this cured the alleged defect in the landowners' appeal.

Appellant further contends that the award of $9,000 is grossly excessive and that the testimony of the landowners' witnesses should have been stricken as lacking in probative value. We find no proper ground which would justify striking this testimony. We will consider its alleged lack of probative value in passing upon the question of excessiveness.

Appellees' land is a 30-acre farm in the Covington area. It has a ridge running down the middle and drops off steeply on both sides. It is entered by a roadway leading off Dudley Pike. Appellant took 1.72 acres near the back part of the prop-

erty (from Dudley Pike) for the construction of a large water-storage tank. (Apparently another one is contemplated on this land.) A roadway easement was taken from Dudley Pike to the storage tank (2280 feet in length). Another easement was taken for a 16-inch water main leading from the water tank directly down the hill to Dudley Pike. The land had on it a nice frame residence and barn, which were not taken. In utilizing the roadway easement appellant constructed a blacktop roadway, most of which was new and part of which replaced an old gravel road from Dudley Pike to the residence.

All of the expert witnesses agree that the highest and best use of this land would be for subdivision purposes. The landowners employed an engineer to lay out a subdivision plan and the landowners' witnesses, in finding a very substantial difference in before and after value (ranging from $24,500 to $31,050), were of the opinion that the storage tank and the new roadway seriously impaired the development potential.

Appellant contends that the valuations of the landowners' witnesses were preposterous for several reasons. It argues that one of the witnesses (a real-estate broker) was not familiar with the value of raw subdivision property and that he did not use any comparable sales. These considerations would probably affect the probative value of the witnesses' testimony but do not destroy it. Appellant complains that these witnesses failed to allow any enhancement value by reason of the construction of the new roadway, but they explained that the location of the roadway was such that it did not enhance the property for subdivision purposes.

Appellant also complains that the landowners' witnesses assumed there was a taking of something over three acres, whereas, appellant acquired a fee in only 1.72 acres. However the land encompassed by the easements made up the difference and these easements, particularly the roadway easement, effectively impaired the use of the land for subdivision purposes. We do not think the witnesses misunderstood the nature of the taking.

Complaint is also made of the testimony of one of the witnesses to the effect that there was allocated to the owners (in fixing the before value) the sum of $5,000 for "development profits". However, appellant failed to interpose a proper objection to this testimony so we do not rule on it.

There are complaints about other aspects of the appraisal testimony of the landowners' witnesses but we find nothing incredible in this evidence as was found in Commonwealth, Dept. of Highways v. Jewell, Ky., 405 S.W.2d 678. This evidence did have some probative value and it was within the province of the jury to pass upon its credibility. It may be observed that the jury substantially discounted the damage appraisals of the landowners' witnesses, and we cannot say their verdict was without evidentiary support. See Commonwealth, Dept. of Highways v. Prather, Ky., 369 S.W.2d 118; Proctor v. Commonwealth, Dept. of Highways, Ky., 412 S.W.2d 252; and Commonwealth, Dept. of Highways v. Brown, Ky., 415 S.W.2d 825. On the whole case we do not find the damages awarded excessive.

The judgment is affirmed.

All concur.