**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, et al., Appellants,**

**v.**

**ANACONDA AMERICAN BRASS COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Cyril E. Shadowen, William S. Riley, Dept. of Revenue, Frankfort, Sam McCracken, Franklin, for appellants.

J. David Francis, Bowling Green, for appellees.

DAVIS, Commissioner.

At issue is whether the Kentucky Board of Tax Appeals has erroneously fixed the assessment for 1967 taxes of about 189 acres of land owned by appellee, Anaconda American Brass Company. The circuit court sustained the finding of the Board of Tax Appeals, fixing the assessment at $73,670. The Simpson County Tax Commissioner had assessed the property at $133,000 for 1967 taxes, and that assessment was affirmed by the Simpson County Board of Supervisors upon Anaconda's appeal to

that body. It was upon Anaconda's appeal to the Board of Tax Appeals, and after a hearing by that agency, that the assessment was reduced from $133,000 to $73,670.

According to brief for appellants, the question presented is: "What is the correct method to be used in assessing property at a fair cash value?" In our view, that is hardly a fair statement of the question presented. Rather, we think the true issue on appeal is whether the assessment, as determined by the Board of Tax Appeals, conforms to the law and is supported by facts presented to the Board. KRS 131.370(3).

The land in question was purchased by Anaconda in December 1966 for $133,720. The Simpson County Tax Commissioner testified that he fixed the assessment so as to coincide with the purchase price. The commissioner said that the same tract had been assessed for 1966 taxes at $42,780, being its fair cash value for farm purposes calculated at about $230 per acre. He pointed out that a tentative assessment for 1967—made before the Anaconda transaction—had been fixed at about $277 per acre, for a total fair cash value of $50,330. In further explanation of his assessment at $133,-000, the commissioner said: "In appraising property at 100% of fair cash value, we as Tax Commissioners were instructed by the Department of Revenue to use sale prices whenever they were available. As far as we can tell this was a bona fide sale as there was a willing seller and a willing buyer."

For Anaconda it was shown that only 50 acres of the tract were intended for industrial use within the foreseeable future. The other 139 acres are being rented by Anaconda for agricultural purposes. A representative of Anaconda explained that the company desired for its prime purposes the 50-acre tract and might have purchased slightly more than 50 acres, but the owner adamantly declined to sell less than the entire tract. The clear impact of evidence for Anaconda was that it knowingly paid a premium price for all the land in order to assure its acquisition of the 50 acres which it really desired to purchase. Upon the basis of the testimony heard by the Board of Tax Appeals, the Board fixed the assessment of the 50 acres shown to be intended for industrial purposes at $700 per acre or $35,000; the 139.6 acres being used for agricultural purposes was assessed at $277 per acre or $38,670. It is proper to note that evidence was presented to the Board by the tax commissioner that the only other industrial land in Simpson County was assessed at the rate of $500 per acre as respects the industrial portion of the tract and at $310 per acre for so much of the tract as is dedicated to agriculture.

The litigants recognize that since Russman v. Luckett, Ky., 391 S.W.2d 694, property is to be assessed for tax purposes at its fair cash value. Appellants point to Floyd County v. Kentucky-West Virginia Gas Company, Ky., 407 S.W.2d 721, in which we said in part:

"The value of property is what it is worth. For legal purposes, that means what it is worth in money. What it is worth in money can be estimated by one criterion only—what it would bring in a voluntary cash sale. That, as we held in Russman v. Luckett, Ky., 391 S.W.2d 694 (1965), is 'fair cash value.'" Id. 407 S.W.2d 722.

■ We do not retreat from the proposition as stated in *Floyd County*, supra, but we do not deem it as dispositive of the question before us. It will be noted that the quoted language includes the expression "what it would bring in a voluntary cash sale" as the *sine qua non* in determining the fair cash value of property. This court and all others of which we are aware have consistently recognized that the sale price of property is not in all circumstances the sole criterion for fixing the fair cash value. In Evans v. Allen, 305 Ky. 728, 205 S.W.2d 514, the court specifically recognized that the sale price of property is the *best* evidence of the property's fair cash value, if the sale occurs at or near the

assessment date and the sale is fair and voluntary, but also observed that sale price was not the sole criterion for determining fair cash value.

In Board of Councilmen v. Brammell, 220 Ky. 132, 294 S.W. 1076, the court reiterated the principle that evidence of a voluntary sale has strong probative weight in fixing the fair cash value of the property, but other factors may warrant a finding that the fair cash value was greater or less than the actual sale price. The same theme was noted in Madisonville, H. & E. R. Co. v. Ross, 126 Ky. 138, 103 S.W. 330, 13 L.R.A., N.S., 420, in which the court quoted with approval an excerpt from 15 Cyc., p. 685:

"Market value means the fair value, as between one who wants to purchase and one who wants to sell, not what could be obtained for it under peculiar circumstances when a greater than its fair price could be obtained, nor its speculative value, nor a value obtained from the necessity of another, but its present value at a sale which a prudent owner would make if he had the power of election as to the time and terms." Id. 103 S.W. 330–331.

It seems to us that there was an abundance of evidence before the Board to support the proposition that the Anaconda transaction, even though voluntary, was not conclusive of the true market value of the property. Anaconda had a peculiar need for a specific type of property—it was willing to and did pay a premium price to acquire the land especially adapted to its requirements. If Anaconda had acquired the land at a substantial bargain, the depressed sale price would not have foreclosed the right of the taxing authorities to fix an assessment value higher than the bargain price. The rule works both ways. The sale price is very persuasive, but not conclusive.

In view of the factual and legal background presented before the Board of Tax Appeals, it is our conclusion that the Board's order fixing the assessment at $73,670 was lawful and supported by substantial evidence. In such state of case, the finding of the Board of Tax Appeals may not be disturbed. The judgment of the circuit court in affirming the Board's order was proper.

The judgment is affirmed.

HILL, MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.