**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Catherine DYCUS, Appellee.**

Court of Appeals of Kentucky.

March 6, 1970.

Rehearing Denied June 26, 1970.

John B. Breckinridge, Atty. Gen., Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Jim Robinson, Dept. of Highways, Richard G. Weisenberger, Paducah, for appellant.

J. Gordon Lisanby, Princeton, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment awarding appellee $9,000.00 for the taking of fourteen acres of her Lyon County farm incident to the construction of the Western Kentucky Parkway. The jury found that the value of appellee's farm before the taking was $35,650.00, the value after the taking was $26,650.00, a difference of $9,-000.00.

In view of testimony showing that appellee's farm was left with a valuable inter-

change location, appellant contends that the award is excessive. This contention is based on the fact that appellee had sold three and one-half acres approximately seven months after the date of the taking for $60,000.00.

Before the taking appellee's farm consisted of a seventy-one-acre tract situated approximately two miles northeast of the town of Eddyville. While the property was being used for farming purposes, there was testimony that some of the land had a potential value, because of its location, for commercial and residential subdivision sites. As to values placed on the land, both before and after the taking, the testimony in summary is as follows:

| APPELLANT'S WITNESSES | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Smith | $17,200 | $61,500 | Enhancement |
| Gilliam | 23,800 | 92,800 | Enhancement |
| Cave | 18,000 | 50,400 | Enhancement |
| APPELLEE'S WITNESSES | | | |
| Robertson | $63,580 | $32,098 | $31,482 |
| Milliken | 36,400 | 22,400 | 14.000 |
| White | 38,900 | 24,900 | 14,000 |

Appellant's witnesses were of the opinion that appellee was not entitled to compensation for the fourteen acres taken from her farm because the value of the remaining portion was more after the taking than it was before the taking due to the remainder off-ramp location near the parkway interchange. We observe that their testimony concerning the value of the farm after the taking ranged from $50,400 to $92,800.00, although these witnesses had access to the same facts upon which to base an opinion. On the other side of the case we observe that the after-taking values of appellee's witnesses ranged from $22,400.00 to $32,-098.00. While there is a variance in their before-taking values, it is not noticeably as large as that reflected by the after value of appellant's witnesses.

One of appellant's witnesses explained his view of the enhancement brought about in the after value of appellee's farm in this manner:

"Q-24 Now, like Mr. Smith [a land appraiser for the appellant], I note that your after value is more than it was before, can I assume that you feel that the just compensation is nothing in this case?

"A I don't believe she has compensation. Now land was taken from Miss Dycus, some 14 acres, but the whole scope— whole situation has changed for it is no longer farm land, but it is valuable interchange land. I know this is something that a lot of people don't realize, but this is a very fortunate thing that happens to them if they happened to be located on an interchange. People whose land it probably goes across and separates * * * have problems * * * but it makes a valuable piece of property out of raw farm land.

"Q-25 Is this opinion of yours substantiated by anything that has happened to Miss Dycus since the taking of the land?

"A I spent considerable time on this studying the situation and when I first looked at it, I had a great deal of misgivings about it. I talked to a gentle-

man who probably owns more interchange property in the State of Kentucky than any other man, either owns it or has it under option, who is Mr. William L. Oliver.

"Q–26 The one who bought the Dycus property?

"A Yes, sir, the gentleman who purchased this property. He is a native of Erlanger, Kentucky, and he owns interchange property throughout the State and I based it on my conversation with him of what has happened in other places in the State; from studies I have made of these interchanges; what has happened to the property afterwards. Here is a man who spends his full time traveling over the State trying to locate or buy or obtain options on property like this. It is valuable property. It is property which they would like to have information on prior to the time the highway comes in, * * *.

"Q–28 * * * did the property sell for more than the entire property would have sold for before the taking?

"A Certainly, it either sold for $60,-000.00 or $70,000.00, we have two statements on it.

"Q–29 Did you consider any enhancement to the property in arriving at your figure?

"A Yes, sir, I did.

"Q–30 Do you feel that this sale of the property for either $60,000.00 or $70,-000.00 proved that there had been an enhancement to it?

"A Definitely. * * *."

[Appellee testified that William L. Oliver and his wife purchased 3.3 acres of her farm on February 12, 1968, for $60,000.00, which was seven and one-half months subsequent to the taking of appellee's land by the appellant].

A properly qualified witness may state his opinion whether the landowner's property has been benefited. 30 C.J.S. Eminent Domain § 432, pp. 569, 570. Benefits may be shown to offset damages and, subject to relevancy, any facts tending to show that the landowner's property was benefited by the taking may be considered by the jury. In Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844, in considering whether benefits resulting from the project for which the land is condemned should be taken in consideration in determining total loss of value to landowners, we said in part:

"* * * a proper consideration of the Constitution, Sections 13 and 242, requires that benefits be taken into consideration in determining the total loss of value the owner has sustained. * *."

However, at this juncture we desire to point out that an interchange itself, without other significant factors being present, does not establish the fact that the value of off-ramp locations near the highway have enhanced the value of the entire farm. Highway plans are frequently changed and roads, as well as interchanges, are often redesigned and relocated. The evidence determines the after value of property and consequently whether it has been enhanced by being near to an interchange is ordinarily a question for the jury to resolve.

Appellee's witness, Thomas White, a licensed real estate broker who has been engaged in buying and selling real estate in Lyon County for approximately twenty years, was of the opinion that the difference in the before and after value of the farm was $14,000.00. Another witness, Bryant Milliken, who has resided in Lyon County for about sixty years and who has been making appraisals since 1940 for the Highway Department, T.V.A. and F.H.A., testified that the difference between the before and after value of appellee's farm was $14,000.00 Another witness, C. O. Robertson, who qualified as an expert and who had sold real estate in and out of Lyon

County since 1929, placed a difference between the before and after value at $31,482.00.

When these witnesses were interrogated concerning whether they had considered the extent that the remainder of appellee's farm had been enhanced by being left with a valuable off-ramp location, one of them replied that he had considered that factor in reaching an opinion concerning its after-taking value and the other witnesses for appellee stated that they had not considered the off-ramp enhancement factor because they appraised the value of the remainder with reference to its worth immediately after the taking and not as to its value seven and one-half months later when the $60,000.00 sale was consummated.

■ Considering the evidence in the case in its totality it is evident to us that there was a sharp conflict in the evidence with regard to the enhancement and to the after value of appellee's farm. Consequently it was for the jury to decide, under the conflicting expert testimony, the before value as well as the after value of appellee's farm and thereby arrive at the amount of compensation that was due appellee. Commonwealth, Department of Highways v. Coleman, Ky., 451 S.W.2d 636, (rendered January 27, 1970); Commonwealth, Department of Highways v. Hendricks, Ky., 400 S.W.2d 676 and cf. Kenton County Water District No. 1 v. Rogers, Ky., 433 S.W.2d 891.

The question that arises and now confronts us is whether the testimony of the experts that was introduced in behalf of the appellee was destroyed by the subsequent event, (i. e., appellee's sale of 3.3 acres for $60,000.00 which definitely established a substantial enhancement of the after value of appellee's farm by the construction of the parkway) which was contrary in fact to expressed opinions of appellee's experts concerning the extent of the enhancement of appellee's farm by its being left with a valuable off-ramp location.

■ It cannot reasonably be disputed that actual sales of property comparable to the subject property, when made under normal and fair conditions, provide a better test of the market value than the opinions of witnesses. See Commonwealth, Department of Highways v. Wheat, Ky., 387 S.W.2d 856 and City of Paducah v. Allen, 111 Ky. 361, 63 S.W. 981. Nevertheless, we are unwilling to hold in this case that the testimony of appellee's experts concerning the after value of her farm was completely destroyed by the fact that a subsequent sale of a portion of it showed that the experts' testimony was questionable. Rather than decide that the expert testimony offered in behalf of appellee is without probative value, we hold that the subsequent sale of a portion of appellee's farm for $60,000.00 tended to impeach and thereby impair the credibility of the testimony of the experts concerning the enhancement of the after value of appellee's farm. Cf. Department of Revenue v. Anaconda American Brass Co., Ky., 435 S.W.2d 65. We must assume that the jury carefully weighed all the testimony in reaching its verdict.

■ In light of the conclusion we have reached, we find no merit in the contention that the award of $9,000.00 for the taking of fourteen acres is excessive. See Commonwealth, Department of Highways v. Burton, Ky., 398 S.W.2d 689; Commonwealth, Department of Highways v. Boone, Ky., 412 S.W.2d 236 and Commonwealth, Department of Highways v. Gossett, Ky., 433 S.W.2d 344. Therefore, the grounds urged for reversal are found to be without substantial merit.

The judgment is affirmed.

All concur.