## COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

### v.

## James D. BALDWIN and Hubert Baldwin, Co-executors of Estate of Sterling Baldwin, Deceased, Appellees.

Court of Appeals of Kentucky.

June 15, 1973.

Rehearing Denied Sept. 7, 1973.

———◆———

Jim Robinson, Gen. Counsel, Dept. of Highways, Frankfort, C. E. Skidmore, Lexington, for appellant.

Boyd F. Taylor, Hamm, Taylor, Milby & Farmer, London, for appellees.

OSBORNE, Justice.

The Laurel Circuit Court dismissed the appeal of the Kentucky Department of Highways in this condemnation proceeding concluding in its judgment that it had no jurisdiction of the action because of a deficiency in the certified copy of the county court judgment from which the appeal was taken. The foot of the judgment and the certificate thereon appeared as follows:

"Dated this _____ day of _____, 1964.

_____
JUDGE, LAUREL COUNTY COURT

O. K. TO ENTER:

/s/ Wendell Lyon by C. E. skidmore
_____
ATTORNEY FOR COMMONWEALTH

_____
ATTORNEY FOR DEFENDANT

STATE OF KENTUCKY )
COUNTY OF LAUREL )

I, Henry Walden, Clerk, Laurel County Court, hereby certify that the foregoing Order and Judgment is a true and correct copy of same as is duly recorded in Laurel County Court Order Book Y, Page 644, records of the Laurel County Court Clerk's office.

Witness my hand this the 23 day of March, 1970/Henry Walden, Clerk, LC. C By; /s/ Margaret Vandy, D.C."

It ·is the contention of the Commonwealth, upon this appeal, that this is an extremely important case as the amount of the judgment in the county court was $110,025.00 and the deficiency in the judgment amounted to nothing more than a clerical mistake. It seems to be conceded by the parties that the judgment in the order book was dated and signed by the judge, therefore, what we have before us is a false certificate. The clerk certifies the blank judgment as being the actual judgment when, in fact, the actual judgment was dated and signed by the court. KRS 177.087 provides:

"An appeal may be taken to the circuit court by either or both parties by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner".

We have previously held that the method of appeal provided by the statute is exclusive and will be strictly construed. In Kenton Co. Water District No. 1 v. Rogers, Ky., 433 S.W.2d 891 (1968), we held that this act outlines the exclusive steps for an appeal and CR 72.01 has no applicability. In Commonwealth v. Stamper, Ky., 424 S.W.2d 821 (1967), we held that the judgment of the county court was ineffective until it was signed upon the order book by the presiding judge and that no appeal could be taken prior to the judge's signing the order book. In Miracle v. Commonwealth, Ky., 467 S.W.2d 575 (1971), we held that an attested copy of a judgment would not satisfy the requirements of the statute.

Our examination of the record in this case reflects that the Commonwealth made no effort after it ascertained the defect in the copy to correct the deficiency, instead it elected to stand upon the ground that the copy filed with the petition was sufficient.

We realize that to deny an appeal because of an error made by the county court

clerk in a case of this magnitude seems extremely harsh, yet we cannot escape the fact that through the years the courts have given a strict construction to this particular statute. Since it is obvious that the copy filed is not a certified copy of the true judgment as it appears in the order book we conclude that the circuit judge's action in dismissing the appeal was not erroneous.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.