Carl K. HELMAN, Trustee, Appellant,

v.

KENTUCKY BOARD OF TAX APPEALS, etc., Mr. Ed W. Hancock, Attorney General, Maurice Carpenter, Commissioner, Jefferson County Board of Tax Supervisors and Jefferson County Property Valuation Administrator, Appellees.

Court of Appeals of Kentucky.

Aug. 12, 1977.

Grant M. Helman, Karl N. Victor, Jr., Louisville, for appellant.

J. Bruce Miller, Jefferson County Atty., Donald W. Blackburn, Asst. Jefferson County Atty., Louisville, for appellees.

Before GANT, HAYES and HOWERTON, JJ.

GANT, Judge.

Appellant, Trustee, is the owner of a certain piece of property situated in Louisville, Kentucky, which was assessed by the Kentucky Board of Tax Appeals in 1972 at $160,000.00. In 1974, the Property Valuation Administrator increased the assessment on this property to $294,300.00. An appeal was taken from the ruling of the Jefferson County Board of Tax Supervisors to the Kentucky Board of Tax Appeals, as a result of which the assessment was reduced from $294,300.00 to $250,000.00. This assessment was subsequently appealed to the Jefferson Circuit Court, which affirmed the findings of the Board of Tax Appeals.

In the original appeal from the Board of Tax Appeals to the Jefferson Circuit Court, the appellant failed to name certain necessary parties, viz., the Jefferson County Board of Tax Supervisors and the Jefferson County Property Valuation Administrator. After appellant had filed motion for default judgment for failure to file timely answer, the omitted parties tendered and moved to file answers therein, stating that they were proper and necessary parties. Appellant resisted this but the court permitted these answers to be filed, contesting the case on the merits. Thereafter, the omitted parties subsequently filed a motion to dismiss for failure to name an indispensable party.

However, the lower court permitted the answers to be filed, and overruled the motion to dismiss, finding for the appellees on the merits of the case.

■ Appellees contend that they were entitled to have the case dismissed for failure to name an indispensable party and, had their motion been filed before answer, their point might have been well taken. However, under the circumstances outlined above, it is our opinion that all parties were properly before the court and are properly before this Court and we will proceed to consider this case, as did the lower court, on the merits.

At the hearing before the Kentucky Board of Tax Appeals, the appellant introduced evidence from a well qualified appraiser who used two separate approaches and concluded that the value of the property in question was $132,500.00. These methods were the income approach and a true appraisal approach, using comparable sales and other methods which will be outlined below. The only evidence for the appellees was from an appraiser for the Property Valuation Administrator and a careful examination of his evidence indicates the following:

1. He did not appraise the property;

2. Although contending that he used the "income approach" he merely looked at the appellant's income tax return for 1972;

3. He considered the income generated by a property to be the deciding factor in finding the fair cash value of the property;

4. He did not determine the length of the leases or the quality of the tenants in attempting to apply the income approach;

5. He said that he would not attempt to put a fair market value on this property;

6. He testified that he was not in a position to say what the fair cash value of this property was.

■ Under these circumstances, it is unquestionable that the testimony introduced on behalf of the appellees had absolutely no probative value. In a long line of cases,

extending in both directions from the case of *Floyd County v. Kentucky-West Va. Gas Co.*, Ky., 407 S.W.2d 721 (1966), the Kentucky courts have held that:

> Regardless of the manner or method used by the Property Valuation Administrator or the decision of the Kentucky Board of Tax Appeals, the finding of valuation must be its fair cash value, estimated at the price it would bring at a fair voluntary sale.

The Kentucky Board of Tax Appeals had no evidence before it upon which it could fix the fair cash value other than the testimony introduced by the appellant.

The true income approach to fix fair cash value is a valid one and income from or rental value of real property is a proper factor to be considered in fixing its valuation for tax purposes. However, the courts throughout the United States are in complete agreement that income or earnings are neither the only element nor the controlling element to be considered in determining the valuation of realty for tax purposes. See *Commonwealth, et al. v. J. B. Clay & Company*, 215 Ky. 125, 284 S.W. 428 (1926). A number of other elements necessarily enter into the value, such as original cost, location, cost and character of improvements, rental history, location as to future growth of the adjacent area, sales of adjacent property, sales of comparable property, type of building or property, etc.

Where the income approach is used, all jurisdictions, including Kentucky, require that net income and not gross income be the factor. Other considerations are the terms of the lease, such as requirements for maintenance, alterations or improvements, fixed rent or percentage of sales; prospective earnings as well as past earnings; length or duration of the lease; options at increased or decreased rentals; and, of considerable importance, the type of tenant and his financial stability.

In the instant case, where the so-called appraiser for the Property Valuation Administrator considered none of the above factors in his alleged income approach other than the net income, he can certainly not say that he fixed the fair market value or fair cash value of this property or even that he used the income approach. This type of evidence is all too prevalent in the courts of Kentucky and before the Kentucky Board of Tax Appeals and should be summarily disposed of by those bodies.

The judgment herein is reversed and this case is remanded to the Jefferson Circuit Court with directions to enter judgment in favor of the appellant fixing the assessment on the real estate and improvements involved herein at $160,000.00. Although the evidence before the Kentucky Board of Tax Appeals indicated that its assessed valuation should be placed at $132,500.00, the figure of $160,000.00 is the amount requested by the appellant in his petition and this Court will not place him in a more advantageous position than that which he requested.

All concur.