**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Mettie Taylor BARTON and William H.
Barton, her husband, Appellees.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

William A. Lamkin, Jr., Asst. Atty. Gen., Robert F. Matthews, Atty. Gen., H. C. Smith, Frankfort, Charles W. Huddleston, Bowling Green, Glenn McDonald, Louisville, for appellant.

James H. Lucas, Harlin & Orendorf, Bowling Green, for appellees.

DAVIS, Commissioner.

In this condemnation proceeding the appellees, landowners, recovered judgment of $17,750 pursuant to the jury's verdict. The Department of Highways appeals, asserting that the verdict is excessive and unsupported by evidence of probative value.

The acquisition of land in this case became necessary incident to the construction of Interstate Highway 65, south of Bowling Green. Also involved is partial reconstruction of Kentucky Highway 242 as it

passes in front of the main residence on appellees' farm.

Prior to the taking the farm contained 163 acres, situated on Kentucky Highway 242. The land taken for permanent right of way contained 9.74 acres; also acquired was a permanent easement of 0.52 acres, making a total of 10.26 acres taken. The course of the right of way for the non-access Interstate Highway results in severance of the original tract, so that after the taking there will be 34.9 acres land-locked on the east side of I-65. The other severed tract, containing 118 acres and all the improvements, will lie on the west side of I-65. Appellees will have no access to the 34.9 acres, nor does it abut any public roadway. We need not describe the land and improvements in greater detail, as all of the witnesses substantially agreed as to the value of the entire tract before the taking. It was in the after value that the testimony for appellant and appellees showed substantial variance. We summarize the valuation testimony of the four witnesses:

### WITNESSES FOR APPELLANT

| Before Value | After Value | Difference |
|---|---|---|
| $69,000 | $58,500 | $10,500 |
| $70,000 | $60,000 | $10,000 |

### WITNESSES FOR APPELLEES

| Before Value | After Value | Difference |
|---|---|---|
| $73,350 | $53,768 | $19,582 |
| $68,850 | $48,105 | $20,745 |

In its verdict the jury found the before value as $70,000, the after value as $52,250, and the difference as $17,750. These findings were within the range of the evidence as above listed. For appellees it was shown that the reconstruction of Kentucky 242 will cause a fill in front of the residence, ranging from 2½ feet to 8 feet. Appellees claimed that drainage problems will arise by reason of the construction, although their evidence in this respect is not based upon any scientific study. For the appellant an engineer testified that in his judgment the drainage problem would not be different from what it was before the taking. Appellant made no objection to the evidence for appellees touching that point, nor did it undertake to have any of it stricken. As we read the record the matter of possible additional water problem properly could have been a factor in reduction of market value.

The witnesses for each of the parties evinced ample qualifications to testify as valuation experts; they supported their evidence with testimony concerning sales they deemed comparable to the property in question. It was conceded that the land-locked tract contained some of the best land in the entire tract. The appellant recognizes that the after value of the land-locked tract will be reduced by the severance, but contends that it will not be reduced more than one-third of its original value. We are not able to accept that premise. We view the verdict as liberal, but not excessive. It is supported by evidence of probative value. In this state of case we may not upset the judgment based upon the verdict.

The judgment is affirmed.