**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**James E. RILEY et ux., Appellees.**

Court of Appeals of Kentucky.

May 6, 1966.

John B. Breckinridge, William A. Lamkin, Jr., Frankfort, Reed Anderson, Jackson, for appellant.

Adrian H. Terrell, Paducah, for appellees.

HILL, Judge.

The Commonwealth appeals from a jury verdict and judgment for $11,500 for 7.39 acres taken from appellees' 45-acre farm, referred to herein as tract 27, and $30,750 for a town lot with improvements located in New Eddyville, Kentucky, designated herein as tract 30. Both tracts are needed in the construction of the Western Kentucky Turnpike, Kentucky Highway 641.

The sole argument advanced for reversal contends the judgment is excessive.

The judgment appealed from was entered May 31, 1962, which preceded our opinion in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963).

Before the taking appellees' farm was served by two rural secondary roads, the Glenn Chappel or Cobb Mill Road and the Dycusburg-Kuttawa Road. The construc-

tion of Highway 641 resulted in the abandonment of a portion of Dycusburg-Kuttawa Road fronting appellees' property but leaving an approach to the Cobb Mill Road. A high fill will be made on the Cobb Mill Road adjacent to the west boundary of the farm.

Tract 30 contained .69 of an acre before the taking of a part of it, and there was a concrete block building 62 by 37 feet and a shed 21 by 62 feet thereon. The lot was irregular in depth, extending back 82 feet on one side and 228 feet on the other, with frontage of 200 feet on Highway 641. The taking leaves a triangular lot 80 by 65 by 85 feet.

Appellees paid $15,000 for tract 27 in September 1958, and it is admitted by a witness for appellant that real estate values increased 33⅓ percent from the date of purchase to the date of trial of this case. Appellant's two witnesses, Flener and Waldrop, testified the before value of tract 27 was $11,850 and $12,700. They fixed the value of the farm remaining after the taking at $7,000 and $7,700.

The evidence for appellees, not considering the testimony of Riley, assessed the before value of tract 27 at $19,134 and $21,450.

The greatest conflict between the testimony of the witnesses for the Commonwealth and witnesses for the property owners arises out of the difference in their opinions as to the highest and best use for which tract 27 is suited. Witnesses for the Commonwealth were of the opinion the greatest and best use was in timber growth and agricultural purposes, although one of them (Waldrop) admitted the area in which this tract is located has "flavor" potentially for recreational use. Appellees' witnesses declared the highest and best use as it affected the market value was for recreational purposes (homes, cottages, and camp sites).

▇ The question of the "highest and best use" of the property as it relates to the fair market value is important and one to be considered by the jury. Cf. Kentucky Nat. Park Commission v. Russell, 301 Ky. 187, 191 S.W.2d 214.

▇ There is also great conflict in the evidence offered by these antagonistic litigants relative to the damages to the remaining land of appellees after the taking. Appellant's two witnesses fixed damages to the remaining land at $850 and $875, while four witnesses for appellees testified the damages to the remaining tracts ranged from a low of $3,800 to a high of $5,610. The 47-acre farm is separated by the new construction, resulting in 35 acres plus on the north side and 2 acres minus on the south side. There is evidence the 35-acre tract north of the highway will have only one entrance to Cobb Mill Road and that a fill 30 feet high will be made at the intersection of Cobb Mill Road and Ky. 641. While the fill tapers off to the north, the evidence indicates it will affect the market value of the land adjacent to Cobb Mill Road due to the fact the land is considerably lower than the fill. Assuming the highest and best use of the remaining tract will be for recreational purposes, as found by the jury, these circumstances may well affect the market value of the remaining tract. Considering the admitted evidence for appellant that there will be substantial damages to the remainder and the apparent qualification of the four prominent witnesses for appellee, we cannot say the verdict is excessive at first blush.

▇ We turn now to the contention of appellant that $30,750 for tract 30 is excessive.

Appellant only interrogated one of its witnesses on values pertaining to tract 30, and he testified the lot was worth $4,000 and the improvements $8,400.

The highest value placed on the lot by appellees' four witnesses was $20,000 and the lowest was $15,000. The highest value placed on the concrete block building taken was $18,000 and the lowest was $14,314. There was evidence the cost of construction

of the building in 1956 was $18,000. The appellant's only witness with respect to tract 30 fixed no value on the small, irregular remaining portion after the taking.

We are impressed by appellees' evidence of comparable sale of a lot to the Standard Oil Company, which was smaller in size than tract 30 and not so favorably situated in relation to Ky. 641 as the lot in question. The Standard Oil lot was purchased for $10,000 and required a fill costing approximately $4,000. We conclude from all the evidence tract 30 was more valuable than the Standard Oil lot.

It is concluded the amount of the verdict and judgment for tract 30 is not excessive.

The judgment is affirmed.

MONTGOMERY, J., dissents.