**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Vernon O. SAUNDERS, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

Rehearing Denied May 26, 1967.

H. C. Smith, Dept. of Highways, Frankfort, M. T. Quinton, Jr., Dept. of Highways, Flemingsburg, for appellant.

Paul C. Hobbs, Ashland, for appellee.

DAVIS, Commissioner.

The Department of Highways appeals from a judgment awarding Vernon O. Saunders $35,000 in this condemnation proceeding. The Department presents two grounds upon which it seeks reversal: (1) improper remarks by the trial judge in reprimanding the Department's counsel, and (2) excessiveness of the verdict.

The taking involved consists of 14.2 acres from a tract originally containing 66.79 acres. The land is situated near the west city limit of Ashland and fronts along existing U. S. Highway 23 a distance of about 2,300 feet. Along most of its frontage on U. S. 23 the Saunders property is substantially higher in elevation than the roadway. The only practicable access from the tract to U. S. 23 is by way of an existing road called River Hill Drive, a blacktop drive which had been surfaced by Boyd County in 1962. The boundary of the taken land abuts hard upon the blacktop road. The testimony as well as photographs in the record depict the property as undeveloped and irregular in contour. We shall defer further description of the property to that portion of the opinion dealing with the question of whether the verdict is excessive.

During the cross examination of appellee, he testified that he had not talked to the three persons he presented as appraisal witnesses. Appraisal witness Montague testified for appellee and stated that he had talked with appellee, although he explained that the conversation had not pertained to the values which the witness would fix. During the cross examination of witness Montague the following colloquy developed:

"Q6. If the evidence introduced in this case would tend to show Mr. Saunders testified he had not talked to any of the witnesses then you say Mr. Saunders was mistaken?

A. Well, probably he talked to me a few minutes when he was showing me where his property line was.

Q7. Then Mr. Saunders was mistaken?

A. Apparently he was.

THE COURT: I want to admonish the jury it is unethical for the attorney to be saying that Mr. So and So (sic) is mistaken, that is for the jury, you will hear what the witnesses say, it is perfectly all right for him to ask about the facts but when he says someone was mistaken or aren't telling the truth that is up to you to decide that and you will disregard that and I want to admonish the attorney not to ask that kind of question because it is unethical and improper."

The record does not reflect any objection by appellant's counsel at the time the court gave the quoted admonition; neither is there any showing that any remedial action was requested of the trial judge at any time during the course of the trial. Appellant filed motion and grounds for a new trial in which were listed four separate grounds. The only ground which might remotely be deemed to relate to the incident just mentioned is the first one, couched in this language:

"1. Errors of law occurring at the trial and objected to by the plaintiff were of such nature as to warrant the declaration of a new trial."

Since appellant had made no objection to the court's remarks, it is apparent that the ground just quoted did not specify that incident as a basis for a new trial. Since the alleged error was not called to the court's attention, it is not available for appellate review. Cf. Com., Dept. of Highways v. Williams, Ky., 317 S.W.2d 482. In passing we observe that counsel's question was appropriate and it was improper for the court to characterize the attorney's questioning as "unethical," although we are not persuaded that the remarks of the judge

were so prejudicial as to constitute reversible error.

■ As to the matter of excessiveness of the verdict, it is noted that the jury found the before value of the property as $48,000 and its after value as $13,000. These figures were within the range of testimony presented by qualified appraisal witnesses. The witnesses gave substantial reasons for their opinions of the values, before and after the taking. All of the valuation witnesses agreed that the highest and best use of the property before and after the taking is for building sites. There was evidence reflecting that the property is located favorably near the industrial complex in the Ashland area, and that there exists a scarcity of available building sites in the vicinity. The majority of the court is of the view that the jury's verdict is not so excessive as to appear to have been given under the influence of passion or prejudice or in disregard of the evidence or instructions of the court.

The judgment is affirmed.

MONTGOMERY, STEWART and WILLIAMS, JJ., dissenting.

MONTGOMERY, Judge (dissenting).

When a jury awards $35,000 for 14.2 acres of rough, unimproved knob land, I blush quickly. If there ever was a case where the first blush rule applies this is it. Commonwealth, Dept. of Highways v. Holbrook, Ky., 390 S.W.2d 897.

The claim that it is desirable property to be subdivided for residence purposes is not justified. No subdivision plan has been suggested. Part of the property is located next to a railroad switching yard, which does not enhance the desirability for residence purposes.

The majority opinion on its face shows that the verdict is excessive. Before the taking, the entire tract of 66.79 acres was valued at $48,000. After taking 14.2 acres and allowing $35,000 therefor, the remaining 52.59 acres are valued at only $13,000, although it is the same character of property and unchanged. Under Commonwealth, Dept. of Highways v. George, Ky., 387 S.W.2d 580, this is excessive. It is not enough that the verdict falls within the range of testimony. See Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922.

For these reasons I cannot stand by without protest when the taxpayers' money is so taken. I therefore dissent.

STEWART and WILLIAMS, JJ., join in this dissent.