Oliver P. GANOTE et al., Appellants,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1966.

George B. Ryan, Louisville, for appellants.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Raleigh Jones, Dist. Atty., Clay A. Copeland, Louisville, for appellee.

MILLIKEN, Judge.

This is an appeal from a summary judgment for the Department of Highways which the appellants, property owners, contend should not have been rendered.

The Department sought to construct a deceleration lane (also called a right-turn lane) within the pre-existing right of way limits of Eastern Parkway, a public highway in Louisville, at its intersection with Poplar Level Road. In the construction of this turning lane on Eastern Parkway, the Commonwealth did not seek to acquire any additional permanent right of way from the appellants, or from any of the other property owners on the same side of the street. The pre-existing limits of Eastern Parkway were such that the construction of the new turning lane and the new curbs, gutters, and sidewalk could be accomplished entirely within its existing boundaries. Although this construction did not raise the grade of Eastern Parkway at its center line in front of the Ganote property, it did cause the grade of the south right of way line, where it adjoins the Ganote property, to be raised approximately fifteen to eighteen inches which extended the driveway to the garage about three feet.

Actually, the construction of the new curb caused this slight increase in grade. The old curb was the "valley gutter" type and the new curb is the more usual "lip" type curb with a slightly raised "lip" on the backside of the curb next to the right of way line. Since the appellants' lot slopes upward (except for the garage entrance) from the right of way line, this increase in the height of the backside of the curb made it necessary to fill the area between the new curb and the right of way line so

that all drainage would flow from the Ganote property toward the curb and gutter and not accumulate at the foot of the slope in front of the Ganote property. Because the Ganote property slopes steeply upward from the right of way line, the construction of the fifteen to eighteen inch fill did not result in any other fill in front of their property; the increased grade merely spilled into the slope on the Ganote property. Only the garage entrance, which slopes downward from the street, had any increase in grade from its previous condition. The key question is whether the fifteen to eighteen inch increase in the grade of the appellants' garage driveway constitutes the taking of a vested property right for which compensation must be paid.

■ The Department admits that the Ganotes probably have suffered some inconvenience from having the deceleration strip, curb and sidewalk constructed nearer to their property line and also from having the grade of the driveway extended, but the Department insists that it clearly was within its rights in using its right of way to the fullest and altering or extending the grade of the Ganotes' driveway. We think it obvious that the utilization of the Department's unused or unpaved right of way in front of the Ganote property for a deceleration lane was something the Department was entitled to do without paying compensation to an adjoining owner. This took nothing from the appellants for which they were entitled to be compensated. We think the slight raising of the grade of the driveway is in the same category. 26 Am. Jur.2d, Eminent Domain, Sections 228 and 229.

■ The Department of Highways is authorized to acquire rights of way in cities and to defray the costs of construction, reconstruction, maintenance or repair of a city street designated by the Department as part of the State Primary Road System, and the cities are authorized to deed to the Commonwealth any right of way owned by the cities which is so designated. KRS 177.021. When such power apparently has been exercised, as in the case at bar, the state is liable to adjoining or abutting property owners for any of their property taken. Const., Section 13. Here, the state has not "taken" the landowners' property, it has merely exercised a privilege it had—to utilize the rest of its right of way for a deceleration lane.

The summary judgment was properly entered and the judgment is affirmed.