COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

John T. BOONE et al., Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Robert Matthews, H. C. Smith, Sp. Asst. Atty. Gen., Department of Highways, Louis J. Amato, Catlett & Amato, Frankfort, for appellant.

E. E. Hubbard, John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellees.

HILL, Judge.

This is an appeal by the Department of Highways of this Commonwealth from a judgment in a condemnation action to acquire right-of-way for construction of the Bluegrass Parkway and for relocation of a portion of a county road.

Prior to the taking, the appellees owned a farm of approximately 385 acres some eight and one-half miles west of Bardstown, Kentucky, on Kentucky Highway 733, a blacktop highway known as the Boston-Bellwood Road. Highway 733 bisected the farm with approximately 140 acres north of the road, 105 acres of which was in young timber and not very valuable and 35 acres in pasture, and approximately 245 acres on the south side. All improvements, bottomland which was used for cultivation, and a second bottom pasture were located south of Highway 733. The taking in this action was in the clean, gently-rolling part of the farm south of the road. The improvements consisted

of a nine-room colonial brick home, an 85' x 122' dairy barn with milk parlor, loft, hay storage shed with concrete floor and electricity, a 24' x 60' hay barn, a 40' x 72' tobacco barn, a 22' x 38' corn crib, sheds, a concrete block garage, other out buildings, feeder pens and troughs and a tenant house.

It is undisputed that at the time of taking, appellees had perhaps the best Grade A dairy farm in Nelson County.

Appellant sought to condemn 29.66 acres in fee and a permanent easement in 4.25 acres for drainage channels. The property taken was good tractor land. Located on the strip of land taken were a tobacco barn, some cattle pens and cattle troughs.

The county court commissioners awarded the sum of $26,495 as damages, from which both parties appealed. A trial by jury was held in circuit court, and after viewing the premises and hearing the evidence, the jury awarded the sum of $33,166 as the difference in the market value before and after the taking and $100 for a temporary easement. Appellant contends on this appeal that the verdict is not supported by evidence of probative value and that it is excessive.

Nowhere in appellant's brief is it pointed out in what respect the appellees' evidence lacked probative value except to say that there are inherent inconsistencies in the evidence of appellees' witnesses.

Five witnesses, including appellee John T. Boone, testified for appellees on the before and after value of the farm. Four of these witnesses were local real estate dealers or brokers with years of experience. Obviously they were well qualified from the standpoint of experience. It may be noted here that there is not a great deal of difference in the after value of the farm as fixed by the appellees' witnesses and that fixed by the witness for the appellant. The appellant's witness fixed the after value at $45,800, while appellees' witnesses fixed the after value ranging from a high of $42,500 to a low of $40,000; and the jury set the

**238**

after value at $44,000, which is only $1800 below the appellant's after value.

The real bone of contention between the evidence for appellant and that of appellees stems from the variation between the before value testified to by the witness for the appellant and the before value fixed by the witnesses for the appellee. Appellant's one witness thought the before value was $60,800; appellees' witnesses opined that the before value ranged from $80,000 to $87,500.

It should be remembered in connection with the before value that the evidence is undenied that appellees paid $58,000 for the farm in 1960 and spent $20,000 to $22,000 on improvements.

In the light of this evidence, we cannot say the appellees' evidence on the before value lacked probative value. It looks like persuasive evidence to us. See Commonwealth, Department of Highways v. Fister, Ky., 373 S.W.2d 720 (1963); Commonwealth, Department of Highways v. Vaughn, Ky., 390 S.W.2d 146 (1965); and Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963).

It should be noted here that the improvements were undisturbed except for a tobacco barn and some cattle pens and troughs. The tobacco barn was 40' x 72'. There was no evidence on the age or value of the improvements destroyed. They were certainly of some considerable value, and the jury had a right to consider their value in arriving at the after value of the farm. The loss of these improvements may well account for the difference between after values fixed in the testimony. Furthermore, the farm is cut into five separate tracts by the taking, resulting in the cost of fencing and construction of approaches, to say nothing of water problems and impairment to the value of the farm as a unit for a dairy operation, clearly its highest and best use. It is common knowledge that the value of facilities for the operation of a dairy farm plummet to a low level when grazing conditions supporting such facilities are lost or seriously impaired.

Finally, we come to the question was the verdict excessive? From our comments on the probative value of the evidence and the discussion of the facts, the reader, no doubt, has anticipated our answer to this question will be in the negative. The anticipation is correct. Our answer is no. We do not consider the verdict so excessive as to strike the mind at first blush that it was arrived at in passion or prejudice. See Commonwealth, Department of Highways v. Barton, Ky., 398 S.W.2d 694 (1966) and Commonwealth, Department of Highways v. Riley, Ky., 402 S.W.2d 840 (1966).

In Commonwealth, Department of Highways v. Sea, Ky., 402 S.W.2d 842 (1966), it was said that "the separation of a farm, having farming as its highest and best use, may materially and substantially impair its market value as a unit." See also Commonwealth, Department of Highways v. Arnett, Ky., 401 S.W.2d 762 (1965).

The judgment is affirmed.

All concur.