**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Stanley McFARLAND et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1968.

As Modified on Denial of Rehearing
Jan. 24, 1969.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Marion Vance, Glasgow, for appellees.

CLAY, Commissioner.

In this condemnation case the landowners were awarded $15,000 for the taking of approximately one-half acre along the frontage of a 110-acre farm near Glasgow. The sole ground for reversal is that the award is palpably excessive and not supported by evidence of sufficient probative value.

Appellees' property has been used as a farm, but admittedly has a potential for residential and commercial use. The principal taking was a strip 1300 feet long and approximately 20 feet wide. (An additional 800 square feet were taken for a drainage easement.)

No one would contend that the land taken had a value anything like $15,000. What caused the depreciation in market value of the farm was the road construction of a fill approximately 500 feet long and about 12 feet high at its highest point. This impaired the accessibility to the land opposite this fill, although this was not a limited access highway. The position of the landowners is that the fill appreciably lessened the value of their land for commercial development. There was ample expert testimony to this effect.

We have held that a partial loss of access (as long as reasonable access is

maintained) is not a compensable item in condemnation cases. Commonwealth, Dept. of Highways v. Lawton, Ky., 386 S.W.2d 466; Sloan v. Commonwealth, Dept. of Highways, Ky., 405 S.W.2d 294; Commonwealth, Dept. of Highways v. Smith, Ky., 413 S.W.2d 72. However, the Commonwealth did not object to the testimony of the landowners' expert witnesses on the ground that their opinions were based upon this noncompensable factor. The argument is made that even if the partial loss of access was a compensable factor, the verdict was still demonstrably excessive. We cannot accept this argument.

The lowest difference in value estimate of the landowner's five expert witnesses was $15,000 (the amount of the verdict). There is nothing incredible about their testimony if the impairment of access by reason of the fill properly could be considered by them as substantially depreciating the value of the land for commercial purposes. Since the Commonwealth did not object to this testimony, or move to have it stricken, the jury had a right to consider it. It does not lack probative value and the verdict is amply supported by the evidence.

The judgment is affirmed.

EDWARD P. HILL, J., dissents.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE, STEINFELD and WILLIAMS, JJ., concur.

EDWARD P. HILL, Judge (dissenting).

Slightly over one-half acre of appellee's land is taken on which there were no improvements. The landowner's witnesses admitted that their estimates of the before and after values were based upon impairment of access to the highway by reason of the raising of the grade adjacent to the land. Up to now, this court has tenaciously adhered to the rule that loss of access is not compensable so long as what is reasonable is provided. The majority opinion blindly ignores this evidence on the fallacious theory that the attorney for the Commonwealth did not properly object to evidence relating to access.

I would think such evidence has not probative qualities sufficient to support such an outrageous verdict for a strip of land only 20 feet in width along the old right of way. Suppose the witnesses had testified that in their opinions the 20-foot strip contained rich deposits of diamonds: Should this court say such evidence had probative value just because the attorney for the Commonwealth did not object to it? I think not.

For these reasons I respectfully dissent.