**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Val B. STRAHAN, Jr., et al., etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

Shepherdsville. There were no improvements on the property and most of it was idle land grown up in weeds, brush and timber.

This tract is on the south side of Kentucky Highway 44 just west of the Kentucky Turnpike. It is zoned commercial, and since the building of the Turnpike has substantially increased in value due to its potentiality as a filling station site. In the improvement of Highway 44 the Commonwealth raised the grade from zero at the western extremity to 6½ feet at the eastern extremity of the strip taken.

The Commonwealth's witnesses testified the difference in value was not in excess of $350, whereas the landowners' witnesses estimated that difference to be $10,000 or $12,000. The jury fixed a before value of $77,500 and an after value of $73,000, making a difference of $4,500.

The Commonwealth claims error in the admission of evidence by a witness who testified about the change of grade and the topography of the land. We find nothing prejudicial in this evidence. The serious question in the case is whether the verdict is palpably excessive because not supported by substantial evidence of probative value.

The landowners' witnesses, in estimating the damage to the property to be $10,000 or $12,000, took into consideration only two factors (other than value of the narrow strip taken). The first was that by reason of the taking and the reconstruction of the roadbed on Highway 44, the pavement was approximately 20 feet farther from the landowners' property line than it had been before. The second was the impairment of "visibility" by reason of the change in grade on Highway 44.

We are at a loss to understand, and the witnesses did not explain, how the 20-foot setback of the frontage could have in any substantial sense depreciated the value of the remaining tract. The access remain-

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, C. V. Sanders, Shepherdsville, for appellant.

Thomas B. Givhan, J. Chester Porter, Charles W. Stratton, Givhan & Stratton, Shepherdsville, for appellees.

CLAY, Commissioner.

In this condemnation case the Commonwealth appeals from a $4,500 judgment on the ground that incompetent and inadmissible evidence was admitted and the verdict was palpably excessive. The Commonwealth condemned a strip of land 17 feet wide and 365 feet long (0.14 of an acre) across the frontage of appellees' 106-acre tract of land located in the City of

ed the same. The landowners had no property rights in the location of the paved portion of the highway. See Commonwealth, Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104, and Commonwealth, Dept. of Highways v. Hopson, Ky., 396 S.W.2d 805.

While the landowners disclaim that they were seeking damages for impairment of access, that was obviously the basis of the witnesses' testimony and it is a non-compensable factor. Commonwealth, Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104; Ganote v. Commonwealth, Dept. of Highways, Ky., 409 S.W.2d 165; and Rowland v. Commonwealth, Dept. of Highways, Ky., 414 S.W.2d 880. Considering the character of this highway and the character of the landowners' property, and, further, the failure of the witnesses to explain how the new right-of-way line could have appreciably affected the value of the tract involved, we are of the opinion that the reduced value estimates based on this factor lacked probative value. See Commonwealth, Dept. of Highways v. Sheffer, Ky., 399 S.W.2d 709.

The "visibility" factor upon which the witnesses relied is in the same category. Apparently they had in mind the view from the Turnpike of a possible filling station located near the northeast corner of the property. Assuming a traveler would be induced to trade by the sight of a filling station building, the major portion of such a structure still would be visible above Highway 44 even if built on the land near the highway where the grade was raised 6½ feet. Of course with a filling station in mind, it is the identifying sign which attracts the customer and not the building. It is common knowledge that oil companies in areas near major arterial and limited access highways erect high signs to make their whereabouts known to the speeding public. No suggestion was made that any other commercial development of this land, where "visibility" would be significant, was contemplated.

The landowners argue that we have recognized aesthetic values. That is true with respect to *residential* property. Commonwealth, Dept. of Highways v. Raybourne, Ky., 364 S.W.2d 814. In that case we held that even if this could be considered a value factor, there should be "strong proof" to justify an allowance on this basis. We do not have such proof in this case. Considering the rough nature of this land (as shown by the photographs) and the potential commercial use contemplated, we cannot see how any aesthetic considerations were involved.

In this case the landowners' witnesses injected value factors which are not commonly taken into account in condemnation cases. In the interest of a just verdict, it is only fair to require the party introducing such evidence to substantiate the relevance and materiality of such factors. Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302. This the witnesses failed to do. Their estimates of from $10,000 to $12,000 damages for the taking of this narrow strip, in the light of all the circumstances and in view of the nebulous reasons given, simply lacked probative value. See Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, and Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922.

It may be observed the jury in this case recognized the unsupportable extravagance of these witnesses' damage estimates because their award bears no reasonable relationship to them. However, we do not find evidence of probative value to support the lesser award, and it is at first blush palpably excessive. See Commonwealth, Dept. of Highways v. Oliver, Ky., 385 S.W.2d 173.

The judgment is reversed.

MONTGOMERY, C. J., and EDWARD P. HILL, MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.