COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Morris BUTLER et al., Appellees.

Court of Appeals of Kentucky.

March 21, 1969.

Robert Matthews, Atty. Gen., Frankfort, H. C. Smith, Robert J. Rieckhoff, Asst. Attys. Gen., Frankfort, Dale Mitchell, Elizabethtown, for appellant.

Morris Butler, Robert L. Dowell, Greensburg, Robert M. Spragens, Lebanon, for appellees.

OSBORNE, Judge.

This is a condemnation case. The highway department undertook to straighten Ky. 61 in Green County. Old Ky. 61 bisected appellees' farm while making a rather sharp turn and then crossed a river at the edge of appellees' property. The new road will run straight through appellees' property and cross the river on a new bridge. As a result, appellees' 174-acre farm, which was previously divided into two sections, one of 32 acres and one of

142 acres, will now be divided into three sections; the 142-acre section, a section containing a little over nine acres between the old road and the new road, and a section of around 17 acres on the other side of the new road. The bridge on the old road will be taken out and the old road will dead end at the river. No improvements were taken and the area taken was not particularly valuable land.

The Commonwealth's witnesses testified to a before value of $30,500 and an after value of nearly $30,000 ($29,870 and $29,800), finding a difference of less than $1000. The landowners' witnesses testified to a before value of $41,000 and an after value of $27,000, finding a difference of $14,000. The jury found a before value of $38,250, an after value of $28,500 and awarded $9,750 to the landowners for the taking.

■■ The department contends that the verdict is excessive and is not supported by sufficient evidence of probative value. We agree. The award is for 25% of the before value for the taking of only 4% of the land. The land taken has no improvement and consists of rough land covered by scrub brush not being used by the owners at the present time and probably not susceptible to agricultural use. There were six other factors used by the landowners' witnesses to substantiate their lower after value. These factors are not substantial or convincing enough to support the verdict. In addition, part of these factors were not compensable and the Commonwealth properly objected by moving that the witnesses be required to refigure their estimates. Commonwealth, Department of Highways v. Shaw, Ky., 390 S.W.2d 161 (1965).

These factors were: (1) severence of the farm, (2) water damage, (3) a fencing problem, (4) impaired access, (5) aesthetic factors, and (6) nuisance and bother anticipated from the dead-ended section of the old road.

Even though we are reversing on the basis that the verdict was not supported by sufficient evidence of probative value, we are also discussing which factors were and were not admissible to guide the trial court upon a new trial.

■ The evidence on severence was admissible insofar as it attempted to show that the farm would have a lower value on the market because of this feature. Commonwealth, Department of Highways v. Sea, Ky., 402 S.W.2d 842 (1966). However, the evidence insofar as it attempted to show inconvenience to this particular owner was not. Commonwealth, Department of Highways v. Roberts, Ky., 390 S.W.2d 155 (1965). Though some of appellees' evidence was phrased in terms of inconvenience to them, the gist of it seemed to go to a reduced value. We believe the trial court properly overruled the motion to refigure with regard to this evidence. However, the evidence though admissible did not have significant probative value to support the substantial difference in before and after value reported by the appellees' witnesses. The 17 acres cut off by the new road are hilly and covered with bushes. There are no improvements on them. The road is not a limited-access highway, and appellees can cross it without difficulty. There was no showing of any peculiar use which would be interfered with by the severence. Under these circumstances this does not show any significant decrease in value due to the taking.

■ Both of the landowners' witnesses referred to a possible drainage or water problem as a factor in their low after values. Neither was an engineer, and a highway department engineer testified that there would be no drainage problem. Evidence as to water damage by one not qualified to "know or accurately estimate whether such damage will occur," is inadmissible, Commonwealth, Department of Highways v. Martin, Ky., 392 S.W.2d 64 (1965); Cf. Commonwealth, Department of Highways v. Johns, Ky., 421 S.W.2d 845 (1967). The trial court should have excluded this evidence and granted the department's motion

to require the witnesses to refigure the after value.

■■ The evidence of a fencing problem was admissible. The fact that a farm has long and irregular boundaries requiring more fencing is admissible as it affects what it would sell for. Commonwealth, Department of Highways v. Teater, Ky., 397 S.W.2d 137 (1965). Of course, the cost of fencing the property is not admissible as a separate damage factor. Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). However, again this evidence is not substantial enough to support the low after value.

■ The mention of impaired access was fleeting. Of course it is not admissible, and the witnesses should have been required to eliminate any damages due to this factor. Commonwealth, Department of Highways v. McFarland, Ky., 435 S.W.2d 770 (1968); Commonwealth, Department of Highways v. Strahan, Ky., 431 S.W.2d 871 (1968) and cases cited therein.

■■ The evidence relating to aesthetic factors was slight, a reference to an unsightly condition existing because of the two roads and a statement that the house cannot be seen from the new road. This evidence is not adequate, because strong evidence of aesthetic factors is required to support a verdict. Commonwealth, Department of Highways v. Strahan, supra; Commonwealth, Department of Highways v. Raybourne, Ky., 364 S.W.2d 814 (1963). However, evidence of aesthetic factors is admissible even where it is not strong enough to substantiate a verdict. Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302 (1964); Cf. Paintsville-Prestonsburg Airport Board v. Galbraith, Ky., 433 S.W.2d 868 (1968).

■ The last factor mentioned by the appellees' witnesses was the condition that would be created by the old road's being left open through their property. They argue that it will attract undesirable activities. The road's being left open is really a convenience to them. It gives them good access to the new highway and a way in and out of their farm. However, in any event, this is not a compensable item. We have very recently held that where a highway is widened and opened to more traffic, and the new traffic lanes are not on the property presently being taken, but on property previously taken, no compensation can be received for the increased traffic. Commonwealth, Department of Highways v. Deloteus, Ky. (rendered 2/14/69). This is an analogous situation. The state has the right to utilize the old road as it sees fit and under the facts here presented the land owner has no compensable interest in what is done.

In summary the only compensable factors capable of supporting the verdict were severance, the land taken and the fencing problem. Neither is very substantial and even together they cannot support this large verdict.

The judgment is reversed.

All concur.