Claude MAJOR, Appellant,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Jerry W. Nall, Nall & Stephens, Owens-
boro, for appellant.

Don Duff, Gen. Counsel, Dept. of High-
ways, Frankfort, M. T. Quinton, Jr.,
Madisonville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment
awarding appellants $5,200 for a 7.89-acre
strip of land condemned by the Highway
Department for the construction of the
Pennyrile Parkway. The strip extends
diagonally across the farm with one 5.69-
acre tract being west of the parkway, and
the other 69.66-acre tract lying east of the
parkway. The land was originally owned by
Claude Major and his wife, but on Jan-
uary 14, 1966, a Purchase and Sale Agree-
ment was entered into between the Claude
Majors and the Henry Majors under which
the property was to be transferred to the
Henry Majors for $10,000 to be paid in
annual installments of $1,200. Upon full
payment, the property was to be conveyed
by deed. Any money realized by the sale
of highway right-of-way was to be paid

to Claude Major and credited against the balance owed by Henry Major, his son. The taking of the property occurred on March 20, 1967, when the strip taken was adjudged to be worth $4,400 in the county court, $800. less than the amount later adjudged in the circuit court.

The two issues on appeal are whether the Highway Department's appraisal witness was qualified to testify as to the value of the property, and the admissibility of evidence of the value placed on the property when it was listed for taxation.

 The landowners assert that the Department's appraisal witness was unfamiliar with the value of the property, because he had examined it only after considerable excavation and construction had been done upon it, and for that reason was unfamiliar with it and incapable of appraising its value before the taking. This assertion is contradicted by the fact that the witness had known the particular property for several years, but just had not examined it for appraisal purposes until after some of the excavating and construction had taken place. He knew land values generally in the area and had had many years' experience as an appraiser. We believe that the witness had sufficient knowledge of the tract to give an appraisal of it. None of the improvements was taken. The landowners also contend that it was improper to permit this witness to estimate the after-value by comparable sales of properties which had not been affected by the construction of a new road. We said such a contention was based on unsound reasoning in Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S. W.2d 851 (1963), and admitted the evidence there on the ground that it actually involved sales of comparable land. Comparability or lack of it generally is determined by examination of witnesses and is arguable to the jury. For that reason we believe the trial court did not err in admitting the testimony about comparables offered here, and thus leaving their testi-

monial worth to be determined by the jury. Commonwealth of Kentucky, Department of Highways v. Cain, Ky., 434 S.W.2d 313 (1968).

Was the valuation of the property certified by Henry, the contract-purchaser, for the purpose of listing it for taxation, binding on his father, Claude, who still held the fee title? We think it was, because one of the requirements imposed on Henry by the contract of purchase was to pay all the taxes on the property as they became due. We do not find it difficult to infer that Henry consequently had the right to certify his valuation of the property when listing it for taxation and that his seller-father is bound thereby. The valuation thus placed on the property was admissible under our decisions, Commonwealth, Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714 (1961), Maxwell v. Commonwealth, Ky., 404 S.W.2d 9 (1966), as an admission against interest.

The judgment is affirmed.

All concur.