COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Jesse O. COLEMAN et al., Appellees.

Court of Appeals of Kentucky.

Feb. 27, 1970.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, George F. Williamson, Clark, Manby & Williamson, LaGrange, Robert A. Becht, Louisville, for appellant.

Louis T. Peniston, New Castle, for appellees.

STEINFELD, Judge.

Appellees were the owners of a 265.66-acre dairy farm in Henry County located on State Highways No. 146 and No. 153. It had 220 acres of tillable land, a 3.50-acre tobacco and a 50-acre corn base, three ponds and a five-acre lake. Among the improvements were a nine-room brick residence with two complete bathrooms and a closed-in porch, a farrowing barn 24 by 48 feet with running water and electricity, an eight-bent tobacco barn, a concrete-block two-car garage, a concrete-block dairy barn

with 46 stanchions, a concrete-block silo, and several other barns and sheds. The Commonwealth concedes that all improvements were in good condition.

For the construction of limited-access Interstate Highway No. 71 the Commonwealth condemned 31.44 acres on which was located a "modern hog house", say the owners, or a "farrowing or calf barn" says the appellant. All agree that the taking separated 49.95 acres from the main tract and landlocked 1.76 acres, but the condemnees say that an additional 24.41 acres were landlocked. Additionally there were condemned a temporary easement of 1.60 acres " * * * for the purposes of construction * * *" and 2.384 acres as a permanent drainage easement.

The county court commissioners awarded $24,299.90. On appeal the jury fixed the difference in value at $19,000.00. Judgment was entered accordingly. The Commonwealth appeals—we affirm.

Appellant contends that "The jury was allowed to consider noncompensable elements of damage such as purported loss of access, circuity of travel, loss of shade trees, and relocation of a residential driveway." It also complains that "appraisal witnesses for landowners demonstrated their own lack of qualifications as to evaluation of interchange property, and their testimony clearly lacked probative value to support the verdict." Finally they say that "The verdict is palpably excessive and insufficiently supported by evidence of probative value" because the creation of a traffic interchange by the project made condemnees' land more valuable than before the taking.

The appellees respond that noncompensable factors were not considered. We need not discuss this claim of error, because, as appellees state, " * * * the Commonwealth did not object to the testimony of the landowners' expert witnesses on the ground that their opinions were based upon noncompensable factors."

Com., Dept. of Highways v. McFarland, Ky., 435 S.W.2d 770 (1968); Com., Dept. of Highways v. Taylor County Bank, Ky., 394 S.W.2d 581 (1965). Furthermore, it failed to move to require any valuation witness " * * * to reevaluate his estimates * * * and remove the improper factors * * *". Com., Dept. of Highways v. Noe, Ky., 426 S.W.2d 459 (1968).

We now approach the argument that the owners' witnesses " * * * demonstrated their own lack of the necessary qualifications for the evaluation of interchange property, and their testimony clearly lacked probative value to support the verdict." Only three witnesses testified on behalf of the condemnees. No attack was made at the trial as to the qualifications of any of them to testify as to values generally.

Coleman, an owner, within the five-year period prior to testifying had bought and sold as a speculator 15 farms in Henry County. His testimony demonstrated that he was informed of sales of real estate which he considered comparable. John Glauber had been engaged in real estate appraisal work for 28 years during which time he had served building and loan associations, banks, utility companies, the Veterans Administration and others.

Jack Hobing was a real estate appraiser with 18 years general experience. He had served the same type of clients as Glauber. At the close of his testimony the sole objection made was that his testimony should be stricken " * * * in view of the fact that the witness is unfamiliar with comparable sales along Interstate 71 in Henry County, Kentucky, and elsewhere, and in view of the fact that the witness is unqualified and his testimony lacks probity." Obviously he was qualified to testify as to land values as an expert. Major v. Com., Dept. of Highways, Ky. 448 S.W.2d 54 (1969). We have said that one so qualified need not use comparable sales. Com., Dept. of Highways v. Farmers Livestock Sales, Inc., Ky., 441 S.W.2d 777 (1969).

■ Hobing said he was familiar with commercial sites at the intersection of other roads, but was adamant that these were not comparable and should not be considered. He explained that because of the elevation of the land and " * * * the cut in the highways * * * Coleman * * * doesn't have anything he can sell there" for commercial purposes. The appraisers for the Commonwealth stated to the contrary. With this conflict it was the function of the jury to determine the highest and best use of the land. Com., Dept. of Highways v. Riley, Ky., 402 S.W.2d 840 (1966).

■ We stated in Com., Dept. of Highways v. Hendricks, Ky., 400 S.W.2d 676 (1966), in which it was claimed, as here, that the value of the property had been enhanced, that " * * * the jury was not required to believe that the building of the interchange automatically converted appellees' farmland to valuable commercial property." Cf. Kenton County Water District No. 1 v. Rogers, Ky., 433 S.W.2d 891 (1968). It is apparent that all valuation witnesses " * * * understood the standards of value, and * * * possessed * * the ability to make a reasonable inference." Com., Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851 (1963). The testimony was properly received.

The witnesses testified and the jury found values as follows:

## "FOR APPELLANT

| Witness | Before | After | Difference |
|---|---|---|---|
| Leroy McMullen | $90,000.00 | $110,000.00 | $20,000.00 Gain |
| William P. Snyder | 92,750.00 | 117,500.00 | 24,750.00 Gain |
| FOR APPELLEES | | | |
| Jesse O. Coleman (Appellee-Owner) | $120,000.00 | $87,000.00 | $33,000.00 |
| John Glauber | 109,186.00 | 74,910.00 | 34,276.00 |
| Jack Hobing | 105,000.00 | 71,250.00 | 33,750.00 |
| JURY | | | |
| Verdict | $100,000.00 | $81,000.00 | $19,000.00" |

On the claim the verdict was excessive we analyze the evidence to see if the test laid down in Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968) was met. Thirty-one and forty-four one hundredths acres were taken and a permanent easement was imposed on 2.38 acres. Almost 50 acres were separated so that to reach it from the residence and other farm improvements it is necessary to travel approximately two miles. We held in Com., Dept. of Highways v. Sea, Ky., 402 S.W.2d 842 (1966), that " * * * the separation of a farm, having farming as its highest and best use, may materially and substantially impair its market value as a unit."

The owners claim that an additional 24.-41 acres were separated by the taking of the area where a creek was crossed. Coleman testified that to reach that land after the taking it would be necessary to build a costly bridge. A Commonwealth appraiser stated that there was a gravel bar that could be used as a crossing but his testimony was somewhat equivocal. These contentions were for consideration by the jury as they might affect market values. Com.,

Dept. of Highways v. Butler, Ky., 438 S. W.2d 797 (1969).

Although conceding that the "before taking value" was supported by the evidence, the appellant argues that "* * * the *reduction in value* of the land after the taking * * * lacks substantial evidentiary support * * *". It argues that the "* * * *before* value found by the jury was substantially lower than the *after* value testified to by the Department's experts" and insists that the Johnson-Swinney farm was similar to the one in Com., Dept. of Highways v. Brent, Ky., 436 S.W.2d 781 (1969). There we said that the three witnesses for the owners "* * * without satisfactory explanation or reason evaluate(d) the remainder tract at less per acre than any one of their comparables." We do not encounter that here. The two witnesses for the owners fully and satisfactorily explained the basis for the values they gave.

The main thrust of appellant's argument is that "* * * all of the appellees' witnesses gave testimony on after values based on an erroneous assumption; i. e., that there was no commercial value to the remainder * * *". There was a sharp issue on this subject with the Commonwealth's "experts" saying "yes" and the owners' "experts" saying "no".

■ Each of the owners' witnesses gave reasons why they considered the property as having no present commercial value. These explanations were subject to the consideration by the jury. Com., Dept. of Highways v. Searcy, Ky., 426 S.W.2d 448 (1968), and Com., Dept. of Highways v. Saunders, Ky., 414 S.W.2d 416 (1966). The evidence before the jury did not lack probative value and the amount awarded was well within the range of the testimony. The verdict was made by the "trier of the facts". Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968). We cannot disturb it there being no basis for saying that at first blush it strikes us as so excessive, (if excessive at all,) as to indicate it was given under the influence of passion, prejudice or partiality. Com., Dept. of Highways v. Burton, Ky., 398 S. W.2d 689 (1966); Com., Dept. of Highways v. Boone, Ky., 412 S.W.2d 236 (1967) and Com., Dept. of Highways v. Gossett, Ky., 433 S.W.2d 344 (1968).

The judgment is affirmed.

All concur.